THEODORA R. LEE, Bar No. 129892
tlee@littler.com
LITTLER MENDELSON, P.C.
650 California Street, 20th Floor
San Francisco, California  94108.2693
Telephone:    415.433.1940
Facsimile:    415.399.8490

Attorneys for Defendant
DARDEN RESTAURANTS, INC. d/b/a/ YARD HOUSE RESTAURANTS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FINAS D. BAREFIELD JR.,<br><br>             Plaintiff,<br><br>    v.<br><br>DARDEN RESTAURANTS, INC. d/b/a YARD HOUSE RESTAURANTS,<br><br>             Defendant. | Case No.  3:14-cv-03733-CRB<br><br>**DECLARATION OF THEODORA R. LEE IN SUPPORT OF DEFENDANT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT OR, IN THE ALTERNATIVE, DISMISSAL**<br><br>Date: July 17, 2015<br>Time: 10:00 a.m.<br><br>Dept.: 6, 17th Floor<br>Judge: Charles R. Breyer<br>Complaint Filed:  August 18, 2014<br>Trial Date:  None Set |

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
an Francisco, CA  94108.2693
415.433.1940

DEFENDANT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT AND ISSUE SANCTIONS, MPA IN SUPPORT

CASE NO. 3:14-cv-03733-CRB

I, THEODORA R. LEE, hereby declare as follows:

1. I am shareholder with Littler Mendelson, P.C. in San Francisco, California, and am the attorney primarily charged with the defense of this action. The information set forth in this declaration is based upon my personal knowledge, and if called to testify, I would be competent to testify as to what is set forth herein.

2. On April 10, 2015, I appeared on behalf of Defendant at a settlement conference in front of Magistrate Judge Maria-Elena James. At the settlement conference, Judge James issued an order where she declared, among other things, that the case settled in full. A true and correct copy of this order is attached hereto as Exhibit A.

3. The transcript of the April 10, 2015 settlement conference was on record and in open court. While on record, I informed the court that "My understanding is we've reached a settlement at the financial sum of $5,000, that it is going to be confidential, with a liquidated damages clause of $1,000, and that Mr. Barefield will defend and indemnify Darden against any claims that might be filed by his relatives, and there will be a general release." When the court asked if Mr. Barefield understood those terms, Mr. Barefield responded: "Yes, I understand, and I agree with it." A true and correct copy of the transcript is attached hereto as Exhibit B.

4. On April 14, 2015, Judge Charles R. Breyer issued an Order of Dismissal without prejudice under the assumption that the Parties had agreed to a settlement of the case. The Order reads: "IT IS HEREBY ORDERED this this case be dismissed without prejudice; provided, however, that if any party hereto shall certify to this Court, within thirty (30) days, with proof of service of a copy thereon on opposing counsel, that the agreed consideration for said settlement has not been delivered over, the foregoing Order shall stand vacated and this case shall forthwith be restored to the calendar to be set for trial." A true and correct copy of the order is attached hereto as Exhibit C.

5. On May 4, 2015, I emailed a word version of the Final Settlement Agreement to Plaintiff and stated "Attached for you[r] signature is the Settlement Agreement. Please sign and pdf or mail back to our office. Once we receive, then we can begin processing your check." A true and correct copy of the email and the attachment to the email are attached hereto as Exhibit D.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DECLARATION OF THEODORA R. LEE
IN SUPPORT OF MOTION TO ENFORCE          1.          CASE NO. 3:14-cv-03733-CRB
SETTLEMENT AGREEMENT

1      6.    On May 6, 2015, in-house counsel for Defendant Darden told me that he had received directly an email from Plaintiff containing a pdf version of a settlement agreement that contained a different amount than the one agreed upon. The email Plaintiff sent directly to Defendant stated: "Attached are the signed settlement documents and my W-9." A true and correct copy of the email chain and Plaintiff's pdf version of the settlement agreement are attached hereto as Exhibit E.

    7.    On May 7, 2015, I wrote an email directly to Plaintiff notifying him that his modification of the settlement agreement was fraudulent and contrary to the parties' agreement. I also gave him a May 15, 2015 deadline to sign and return the original settlement agreement directly back to me. I further warned him that I would seek sanctions if he did not sign the agreed-upon Settlement Agreement. A true and correct copy of the email is attached hereto as Exhibit F.

    8.    On May 12, 2015, I learned that Defendant received a service of process notice that indicated that Plaintiff had taken his version of the settlement agreement and filed it with a United States Bankruptcy Court in Florida. A true and correct copy of the Darden Service of Process email chain is attached hereto as Exhibit G.

    9.    On May 13, 2015, I wrote another email directly to Plaintiff informing him that: [t]here are no pending Bankruptcy proceedings, and further advising him that his conduct constituted fraud upon the Court. I advised that his continued fraudulent conduct would subject him to sanctions in Federal District Court. A true and correct copy of the email chain with the original Settlement Agreement is attached hereto as Exhibit H.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed this 9th day of June 2015 at San Francisco, California.

_____
THEODORA R. LEE

Firmwide:133579026.1 069299.1097

DECLARATION OF THEODORA R. LEE
IN SUPPORT OF MOTION TO ENFORCE     2.     CASE NO. 3:14-cv-03733-CRB
SETTLEMENT AGREEMENT