# EXHIBIT A

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

## *MAGISTRATE JUDGE MARIA-ELENA JAMES*

### CIVIL MINUTE ORDER

**DATE:** April 10, 2015

**TITLE : FINAS D. BAREFIELD JR. v.**          **CASE #: C 14-03733 CRB (MEJ)**
**DARDEN RESTAURANTS INC**

---

### APPEARANCES:

**FOR PLAINTIFF:**                              **FOR DEFENDANT:**

Finas D. Barefield, Jr., Pro Se                 Theodora R. Lee, Esq.

---

**Deputy Clerk: Rose Maher**

### PROCEEDINGS:

\_\_\_\_  **Case Management**
\_\_\_\_  **Further Case management**
\_\_\_\_  **Status Conference**
\_\_\_\_  **Pretrial Conference**
**_X_**  **Settlement Conference (Length: 2 hrs. 9 mins.)**
\_\_\_\_  **Evidentiary Hearing**
\_\_\_\_  **Examination of Judgment Debtor**
\_\_\_\_  **Motions**
\_\_\_\_  **Other:**

---

### ORDER/RESULTS:

Settlement conference held, case settled in full. Settlement placed on the record in open Court. All parties agreed to be bound by the settlement in open Court. Defendant's counsel shall prepare the settlement documents, transmit to plaintiff for signature, along w/ a dismissal of the case for signature. Settlement funds shall be distributed w/n the next two weeks, upon execution of the settlement documents. This settlement is confidential and the recording shall be made available only to the counsel/parties who attended the settlement conference.

**FTR Time: 12:06-12:09**

cc: Barbara Espinoza, Courtroom Deputy to Judge Breyer

# EXHIBIT B

# S E A L E D

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE MARIA-ELENA JAMES, MAGISTRATE JUDGE

| | | |
|---|---|---|
| FINAS D. BAREFIELD, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | NO. C 14-03733 CRB (MEJ) |
| | ) | |
| DARDEN RESTAURANTS, INC., | ) | |
| | ) | |
| Defendant. | ) | San Francisco, California |
| | ) | Friday, April 10, 2015 |

## TRANSCRIPT OF OFFICIAL ELECTRONIC SOUND RECORDING
## OF PROCEEDINGS

FTR 12:06 p.m. - 12:09 p.m. =  3 minutes

## THESE PROCEEDINGS HAVE BEEN SEALED BY ORDER OF THE COURT

APPEARANCES:

For Plaintiff:          **FINAS D. BAREFIELD, JR., In Pro Per**
                        8435 Carlin Avenue
                        Sacramento, California  95823

For Defendant:          Littler Mendelson
                        650 California Street - 20th Floor
                        San Francisco, California  94108-2693
                  BY:   **THEODORA ROCHELLE LEE, ESQ.**


ALSO PRESENT:  Mr. Seth Rivera




Transcribed by:         Leo T. Mankiewicz, Transcriber
                        leomank@gmail.com
                        (415) 722-7045

1    <u>Friday, April 10, 2015</u>

2                                                12:06 p.m.

3                  P R O C E E D I N G S

4          THE CLERK:  Good afternoon, everyone.  We're here on a

5    settlement conference on civil action 14-3733, Barefield versus

6    Darden Restaurants, Inc.

7          Counsel, and parties, will you state your appearances,

8    please, for the record.

9          MR. BAREFIELD:  Finas Barefield, plaintiff.

10         MS. LEE:  I'm Theodora Lee, on behalf of Darden.

11         THE COURT:  And Ms. Lee, who has the authority to bind

12   the defendants?

13         MS. LEE:  We have Seth Rivera in the courtroom, who is

14   at Darden.

15         THE CLERK:  Gentlemen, will you pull that microphone

16   towards you?

17         MS. LEE:  And he is able to bind the defendant.

18         THE COURT:  All right.

19         MS. LEE:  Seth, you want to make your appearance?

20         MR. RIVERA:  Seth Rivera.  I'm Senior Associate

21   Counsel with Darden Restaurants.

22         THE COURT:  All right, counsel and Mr. Barefield, at

23   this time we've reached a settlement in this matter.  Would you

24   please articulate the settlement for the record?

25         MS. LEE:  Yes.  My understanding is we've reached a

1  settlement at the financial sum of $5,000, that it is going to

2  be confidential, with a liquidated damages clause of $1,000,

3  and that Mr. Barefield will defend and indemnify Darden against

4  any claims that might be filed by his relatives, and there will

5  be a general release.

6        **THE COURT:**  Okay, and Mr. Barefield, does that comport

7  with your understanding?

8        **MR. BAREFIELD:**  Yes, I understand, and I agree with

9  it.

10       **THE COURT:**  Okay, so I'm just going to voir dire you.

11 You've heard the agreement that was placed on the record.  Did

12 you understand it?

13       **MR. BAREFIELD:**  Yes, I do.

14       **THE COURT:**  And you agree to be bound by it?

15       **MR. BAREFIELD:**  Yes, I do.

16       **THE COURT:**  And Mr. Rivera, you have the authority to

17 bind the defendants, is that correct?

18       **MR. RIVERA:**  Yes, I do.

19       **THE COURT:**  And you heard the agreement that was

20 placed on the record?

21       **MR. RIVERA:**  Yes.

22       **THE COURT:**  And did you understand it?

23       **MR. RIVERA:**  Yes.

24       **THE COURT:**  And you do bind the defendants.

25       **MR. RIVERA:**  Yes.

1        **THE COURT:** All right.

2        **MS. LEE:** And your Honor, I will prepare a written

3  agreement and e-mail that to Mr. Barefield this afternoon,

4  finalizing in writing the agreement.

5        **THE COURT:** All right, and would you send also for his

6  signature a dismissal form, for Judge Breyer, as well?

7        **MS. LEE:** Yes.

8        **THE COURT:** So you're going to get two documents.

9  You're going to get a settlement conference, which you're

10  you'll have to sign -- statement, a settlement agreement, and a

11  release of the matter, and when -- how soon -- long will it

12  take to you pay him, once he's signed it?

13        **MS. LEE:** Once he's signed it --

14        **MR. RIVERA:** Within two weeks.

15        **THE COURT:** Okay. All right, so Mr. Barefield, if you

16  haven't received your check within two weeks of signing and

17  there's some concern, you can contact the Court and -- or

18  counsel first, and then we could have a phone conference or

19  something to figure out when you're going to get paid for sure,

20  okay?

21        **MR. BAREFIELD:** That's fine.

22        **THE COURT:** All right.

23        **MS. LEE:** Thank you, your Honor.

24        **THE COURT:** All right, thank you.

25        **MR. BAREFIELD:** Thank you.

1    **THE CLERK:**  Thank you.  We are off the record.

2                                                      <u>12:09 p.m.</u>

3                        ---o0o---

## CERTIFICATE OF TRANSCRIBER

I, Leo Mankiewicz, certify that the foregoing is a true and correct transcript, to the best of my ability, of the above pages of the official electronic sound recording provided to me by the U.S. District Court, Northern District of California, of the proceedings taken on the date and time previously stated in the above matter.

I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken; and, further, that I am not financially nor otherwise interested in the outcome of the action.

_____   5/18/2015

Signature of Transcriber          Date

# EXHIBIT C

1
2
3
4
5
6
7
8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   FINAS D. BAREFIELD JR.,                    No. C 14-03733 CRB

12                 Plaintiff,                   **ORDER OF DISMISSAL**

13        v.

14   DARDEN RESTAURANTS INC,

15                 Defendant.
                                          _____/
16

17        The parties hereto, by their counsel, having advised the Court that they have agreed to a

18   settlement of this case,

19        IT IS HEREBY ORDERED that this case be dismissed without prejudice; provided,

20   however, that if any party hereto shall certify to this Court, within thirty (30) days, with proof of

21   service of a copy thereon on opposing counsel, that the agreed consideration for said settlement has

22   not been delivered over, the foregoing Order shall stand vacated and this case shall forthwith be

23   restored to the calendar to be set for trial.

24

25   Dated: April 13, 2015

26                                          CHARLES  R. BREYER
                                            UNITED STATES DISTRICT JUDGE
27

28

# EXHIBIT D

| | |
|---|---|
| **From:** | Lee, Theodora |
| **Sent:** | Monday, May 04, 2015 11:41 AM |
| **To:** | Finas D. Barefield Jr. (ospconsul@comcast.net) |
| **Subject:** | Settlement Agreement |
| **Attachments:** | BAREFIELD_CONFIDENTIAL SETTLEMENT AND GENERAL RELEASE (132861505_1) (2) DOCX (133313986_1).DOCX |

Greetings Mr. Barefield:

Attached for you signature is the Settlement Agreement.    Please sign and pdf or mail back to our office.  Once we receive, then we can begin processing your check.

**Theodora Lee,** Shareholder
415.677.3132 direct   510.604.5015 mobile    415.743.6770 fax    TLee@littler.com
650 California Street, 20th Floor | San Francisco, CA 94108-2693

# Littler   | littler.com
Employment & Labor Law Solutions Worldwide

## CONFIDENTIAL SETTLEMENT AGREEMENT, GENERAL RELEASE AND DISMISSAL WITH PREJUDICE OF ALL CLAIMS

This Confidential Settlement Agreement, General Release and Dismissal with Prejudice of All Claims ("Agreement") is made and entered into by and between Plaintiff FINAS D. BAREFIELD JR. (hereinafter "Plaintiff" or "BAREFIELD") and Defendant DARDEN RESTAURANTS, INC. d/b/a/ YARD HOUSE RESTAURANTS (hereinafter "DEFENDANT"), its parent corporations, holding corporations, subsidiaries, affiliates, divisions, predecessors, successors, related entities, assigns, and all of its officers, directors, supervisors, managers, employees, agents and representatives.

WITNESSETH:

WHEREAS, there is presently certain litigation pending in the United States District Court for the Northern District of California, filed under Case No. C14-3733 NC, entitled *Finas D. Barefield, Jr. v. Darden Restaurants, Inc. d/b/a Yard House Restaurants* (hereinafter the "Civil Lawsuit" or "Complaint");

WHEREAS, BAREFIELD represents that, with the exception of the Civil Lawsuit, Case No. C14-3733 NC, he does not have pending against DEFENDANT or any employee, former employee, agent, officer, director, shareholder, representative, supervisor, former supervisor, successor, parent corporation, holding corporation, division, subsidiary, affiliate or related entity of DEFENDANT (hereinafter referred to as "Releasees") any claim, charge, or action in or with any federal, state, or local court, or administrative agency; and

WHEREAS, BAREFIELD and DEFENDANT desire to settle fully and finally all differences between them as of the effective date of this Agreement, and all claims arising out of or related to the subject matter of the Civil Lawsuit.

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, and to avoid the time and expense of litigation, it is hereby agreed by and between the parties as follows:

<u>FIRST:</u>This Agreement and compliance with this Agreement shall not be construed as an admission by DEFENDANT or by any Releasees of any liability whatsoever, or as an admission by DEFENDANT or by any Releasees of any violation of the rights of BAREFIELD or any person, or violation of any order, law, statute, duty, or contract whatsoever with respect to BAREFIELD or any person. DEFENDANT and Releasees specifically disclaim that they have in any way violated the rights of BAREFIELD, and thereby disclaim any liability to BAREFIELD or any other person for any alleged violation of the rights of BAREFIELD or any person, or for any alleged violation of any order, law, statute, duty, or contract on the part of DEFENDANT and/or of any Releasees.

<u>SECOND:</u>    (a)    Upon signing this Agreement, BAREFIELD will deliver to counsel for DEFENDANT an executed copy of this Agreement, along with an executed W-9. DEFENDANT will, within thirty (30) calendar days, cause to be delivered to BAREFIELD via Federal Express a check in the gross amount of Five Thousand Dollars ($5,000.00) made payable to "Finas D. Barefield Jr." The parties agree that DEFENDANT will issue the requisite Form 1099 to BAREFIELD. These monies and the other good and valuable consideration set forth herein represent the full and complete settlement of the claims of BAREFIELD against DEFENDANT pertaining to any and all claims of BAREFIELD and any and all of his family members.

(b)    BAREFIELD agrees that the foregoing payments shall constitute an accord and satisfaction and shall constitute the entire amount of monetary consideration provided to him and his family under this Agreement and that he will not seek any further compensation from DEFENDANT or Releasees for any other claimed damages, costs, or attorneys' fees in connection with the matters encompassed in this Agreement, including all allegations stated in connection with the Civil Lawsuit.

(c)    BAREFIELD acknowledges and agrees that neither DEFENDANT nor its attorneys have made any representations to him regarding the tax consequences, or not, of the settlement payment made under this Agreement. BAREFIELD agrees

to pay all federal, state or local taxes, if any, which are required by law to be paid with respect to the settlement payment. BAREFIELD further agrees to defend, indemnify and hold DEFENDANT harmless from any and all claims, demands, deficiencies, levies, assessments, executions, judgments or recoveries by any governmental entity against DEFENDANT for any amounts claimed due on account of this Agreement or pursuant to claims made under any federal, state or local tax laws for monies payable by BAREFIELD, and any costs, expenses, or damages sustained by DEFENDANT by reason of any such claims, including any amounts paid by DEFENDANT as taxes, attorneys' fees, deficiencies, levies, assessments, fines, penalties, interest or otherwise.

THIRD: BAREFIELD represents that neither he nor anyone acting through or by him nor any spouse, heir, offspring, relative, family member, representative, agent, counsel, executor, assign, or successor (hereinafter referred to as "Releasors") has filed any complaints, claims, or actions against DEFENDANT or against any Releasee with any state, federal, or local agency or court arising out of and/or pertaining to the subject matter of the Civil Lawsuit, and the matters released herein. BAREFIELD agrees that he and his relatives will not do so at any time hereafter, and that if any agency or court assumes jurisdiction over any charge, complaint, grievance, claim or action against DEFENDANT or any Releasees, he will direct that agency or court to withdraw from or dismiss with prejudice, the charge, complaint, grievance, claim or action and that he will not seek or accept any personal relief in any such action. BAREFIELD further agrees to defend, indemnify and hold DEFENDANT harmless from any and all complaints, claims, or actions, if any, brought by any family member relating to the claims arising out of or related to the subject matter of the Civil Lawsuit, and pay any costs, expenses, or damages sustained by DEFENDANT by reason of any such claims, or actions including any amounts paid by DEFENDANT as attorneys' fees, court fees, or otherwise.

FOURTH: (a) As a material inducement to enter into this Agreement, BAREFIELD agrees that he will keep the terms of this Agreement strictly confidential. BAREFIELD warrants that he has not disclosed, orally or in writing, directly or indirectly, *the terms or amount of the settlement or the terms of this Agreement (Settlement Information),* to any

person or entity. BAREFIELD agrees and acknowledges that the Settlement Information is strictly and highly confidential and that the highly confidential nature of this Settlement Information is of the utmost importance to DEFENDANT and is thus a material condition of this settlement. BAREFIELD therefore agrees that he will not, directly or indirectly, seek or attempt to convey, imply, intimate, suggest, hint, insinuate or otherwise disclose the Settlement Information, except as required by law. If any request is made by anyone for any information about the Settlement Information or the result of this dispute between BAREFIELD on the one hand and DEFENDANT on the other, **BAREFIELD will disclose only that the Civil Lawsuit is dismissed and over.** Notwithstanding the foregoing, BAREFIELD may disclose the terms of this Agreement only to BAREFIELD's spouse, his attorneys and other professional advisors, such as tax preparers or accountants, in the event that such disclosures are necessary to the business advice being sought or for any other reason required by law, provided such persons are notified that this Settlement Information is strictly and highly confidential information and they agree to honor this confidentiality requirement.

FIFTH: BAREFIELD acknowledges that if DEFENDANT proves any breach of Paragraph FOURTH, which is a material term of this Agreement, by BAREFIELD, or his tax or legal advisors, such breach would cause irreparable harm to DEFENDANT. BAREFIELD further agrees that in the event of a proven breach of Paragraph FOURTH, DEFENDANT'S damages will be incalculable with any degree of certainty. Therefore, in addition and without prejudice to DEFENDANT'S right to seek any other forms of relief, such as injunctive or declaratory relief, BAREFIELD agrees that in the event of a proven breach of Paragraph FOURTH, DEFENDANT shall recover from BAREFIELD liquidated damages, and not as a penalty, the amount of One Thousand Dollars ($1,000.00) for each and every breach proved by DEFENDANT.

SIXTH: BAREFIELD hereby agrees that all rights under section 1542 of the Civil Code of the State of California are hereby waived by him. Section 1542 provides as follows:

A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

SEVENTH: (a) Notwithstanding the provisions of section 1542 of the Civil Code of the State of California, BAREFIELD hereby irrevocably and unconditionally releases and forever discharges DEFENDANT and all Releasees, from any and all charges, complaints, claims, and liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected (hereinafter referred to as "claim" or "claims") which BAREFIELD at any time heretofore had or claimed to have, or which BAREFIELD may have or claim to have regarding events that have occurred as of the date of this Agreement, including, without limitation, any and all claims relating to, arising out of or related to the subject matter of the Civil Lawsuit. BAREFIELD further agrees that by virtue of this Agreement he gives up any right to recover any monies in any class or collective actions.

EIGHTH: The parties hereto represent and acknowledge that in executing this Agreement they do not rely and have not relied upon any representation or statement made by any of the parties or by any of the parties' agents, attorneys, or representatives with regard to the subject matter, basis, or effect of this Agreement or otherwise, other than those specifically stated in this written Agreement.

NINTH: This Agreement shall be binding upon the parties hereto and upon his heirs, administrators, representatives, executors, successors, offspring, relatives, family members, spouse, and assigns, and shall inure to the benefit of said parties and of said Releasees and each of them and to his heirs, administrators, representatives, executors, successors, and assigns. BAREFIELD expressly warrants that he has not transferred to any person or entity any rights, causes of action, or claims released in this Agreement. BAREFIELD also expressly warrants that, to his knowledge, no liens have been filed in favor of any attorneys or other third parties in connection with the litigation giving rise to this Agreement, and that to the extent any liens exist, BAREFIELD will satisfy such lien obligations.

TENTH:     Should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms, or provisions shall not be affected thereby, and said illegal, unenforceable, or invalid part, term, or provision shall be deemed severable, and not to be a part of this Agreement. It is the intent of the parties that if any such severance of a portion of this Agreement be made, then any such severance should be as narrow as possible, excising only as much as absolutely necessary to sever whatever portion is deemed unenforceable.

ELEVENTH: The parties hereby expressly and knowingly acknowledge that each may, after the execution of this Agreement, discover facts different from or in addition to those which each now knows or believes to be true with respect to the claims released in this Agreement. Nonetheless, each party agrees that this Agreement shall remain in full force and effect in all respects, notwithstanding such different or additional facts. It is the intention hereby fully, finally and forever to settle and release all such matters, and any and all claims relating to those matters, which now exist, may exist, or previously have existed with respect to any and all claims arising out of or related to the subject matter of the Civil Lawsuit. Except as otherwise provided herein, the parties further agree that this Agreement may be pleaded as a full and complete defense to any subsequent action or other proceeding arising out of, or relating to, or having anything to do with any and all of the claims, issues, defenses, or other matters capable of being alleged by BAREFIELD. Each party relies on the finality of this Agreement as a material factor inducing that party's execution of this Agreement.

TWELFTH:     In signing this Agreement, each party hereto warrants and represents that they are fully entitled and authorized to give this release on behalf of themselves and the Releasors/Releasees and on behalf of the entity for whom this Agreement is signed.

THIRTEENTH:     No modification or amendment of the Agreement shall be of any force and effect unless in writing and executed by all parties to the Agreement.

**FOURTEENTH:** This Agreement sets forth the entire agreement between the parties hereto and fully supersedes any and all prior agreements or understandings, written or oral, between the parties hereto pertaining to the settlement. This Agreement cannot be orally modified. Any amendment or modification to this Agreement must be in writing, signed by BAREFIELD, and by a duly authorized representative of DEFENDANT.

**FIFTEENTH:** This Agreement may be executed in counterparts, with each counterpart being and having the same effect as an original, but all of which together shall constitute one agreement. The signing of a facsimile copy shall have the same force and effect as the signing of an original, and a facsimile signature shall be deemed an original and valid signature.

PLAINTIFF FINAS D. BAREFIELD JR.

Dated: _____, 2015    _____

DARDEN RESTAURANTS, INC. d/b/a/ YARD HOUSE RESTAURANTS

Dated: _____, 2015    _____
Seth Rivera
Senior Associate Counsel

**Approved As To Form:**

LITTLER MENDELSON
A Professional Corporation

Dated: _____, 2015    _____
Theodora R. Lee, Esq.
Attorney for DEFENDANT
DARDEN RESTAURANTS, INC. d/b/a/ YARD HOUSE RESTAURANTS

# EXHIBIT E

**From:** Finas D Barefield [mailto:ospconsul@comcast.net]
**Sent:** Wednesday, May 06, 2015 1:58 PM
**To:** Seth Rivera
**Subject:** Settlement Documents and W-9

Mr. Rivera,

Attached are the signed settlement documents and my W-9.

Finas D. Barefield Jr.

Cell Phone(916)730-8394

This e-mail message is for the sole use of the intended recipient and may contain information that is confidential, proprietary or privileged. Any unauthorized review, use, distribution, copying or disclosure is strictly prohibited. If you are not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, please notify sender of the delivery error by replying to this message and then delete it from your system. Receipt by anyone other than the intended recipient is not a waiver of confidentiality or privilege.

1

## CONFIDENTIAL SETTLEMENT AGREEMENT, GENERAL RELEASE AND DISMISSAL WITH PREJUDICE OF ALL CLAIMS

This Confidential Settlement Agreement, General Release and Dismissal with Prejudice of All Claims ("Agreement") is made and entered into by and between Plaintiff FINAS D. BAREFIELD JR. (hereinafter "Plaintiff" or "BAREFIELD") and Defendant DARDEN RESTAURANTS, INC. d/b/a/ YARD HOUSE RESTAURANTS (hereinafter "DEFENDANT"), its parent corporations, holding corporations, subsidiaries, affiliates, divisions, predecessors, successors, related entities, assigns, and all of its officers, directors, supervisors, managers, employees, agents and representatives.

### WITNESSETH:

WHEREAS, there is presently certain litigation pending in the United States District Court for the Northern District of California, filed under Case No. C14-3733 NC, entitled *Finas D. Barefield, Jr. v. Darden Restaurants, Inc. d/b/a Yard House Restaurants* (hereinafter the "Civil Lawsuit" or "Complaint");

WHEREAS, BAREFIELD represents that, with the exception of the Civil Lawsuit, Case No. C14-3733 NC, he does not have pending against DEFENDANT or any employee, former employee, agent, officer, director, shareholder, representative, supervisor, former supervisor, successor, parent corporation, holding corporation, division, subsidiary, affiliate or related entity of DEFENDANT (hereinafter referred to as "Releasees") any claim, charge, or action in or with any federal, state, or local court, or administrative agency; and

WHEREAS, BAREFIELD and DEFENDANT desire to settle fully and finally all differences between them as of the effective date of this Agreement, and all claims arising out of or related to the subject matter of the Civil Lawsuit.

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, and to avoid the time and expense of litigation, it is hereby agreed by and between the parties as follows:

FIRST:This Agreement and compliance with this Agreement shall not be construed as an admission by DEFENDANT or by any Releasees of any liability whatsoever, or as an admission by DEFENDANT or by any Releasees of any violation of the rights of BAREFIELD or any person, or violation of any order, law, statute, duty, or contract whatsoever with respect to BAREFIELD or any person. DEFENDANT and Releasees specifically disclaim that they have in any way violated the rights of BAREFIELD, and thereby disclaim any liability to BAREFIELD or any other person for any alleged violation of the rights of BAREFIELD or any person, or for any alleged violation of any order, law, statute, duty, or contract on the part of DEFENDANT and/or of any Releasees.

SECOND:    (a)    Upon signing this Agreement, BAREFIELD will deliver to counsel for DEFENDANT an executed copy of this Agreement, along with an executed W-9. DEFENDANT will, within thirty (30) calendar days, cause to be delivered to BAREFIELD Five Thousand Dollars times the number of family members indemnifies by BAREFIELD (25 FAMILY MEMBERS) via Federal Express, a check in the gross amount of One Hundred and Twenty Five Thousand Dollars ($125,000.00) made payable to "Finas D. Barefield Jr."   These monies and the other good and valuable consideration set forth herein represent the full and complete settlement of the claims of BAREFIELD against DEFENDANT pertaining to any and all claims of BAREFIELD and any and all of his family members.

(b)    BAREFIELD agrees that the foregoing payments shall constitute an accord and satisfaction and shall constitute the entire amount of monetary consideration provided to him and his family under this Agreement and that he will not seek any further compensation from DEFENDANT or Releasees for any other claimed damages, costs, or attorneys' fees in connection with the matters encompassed in this Agreement, including all allegations stated in connection with the Civil Lawsuit.

(c)    BAREFIELD acknowledges and agrees that neither DEFENDANT nor its attorneys have made and representations to him regarding the tax consequences, or not, of settlement payment made under this Agreement. BAREFIELD agrees to

pay all federal, state or local taxes, if any, which are required by law to be paid with respect to the settlement payment. BAREFIELD further agrees to defend, indemnify and hold DEFENDANT harmless from any and all claims, demands, deficiencies, levies, assessments, executions, judgments or recoveries by any governmental entity against DEFENDANT for any amounts claimed due on account of this Agreement or pursuant to claims made under any federal, state or local tax laws for monies payable by BAREFIELD, and any costs, expenses, or damages sustained by DEFENDANT by reason of any such claims, including any amounts paid by DEFENDANT as taxes, attorneys' fees, deficiencies, levies, assessments, fines, penalties, interest or otherwise.

THIRD: BAREFIELD represents that neither he nor anyone acting through or by him nor any spouse, heir, offspring, relative, family member, representative, agent, counsel, executor, assign, or successor (hereinafter referred to as "Releasors") has filed any complaints, claims, or actions against DEFENDANT or against any Releasee with any state, federal, or local agency or court arising out of and/or pertaining to the subject matter of the Civil Lawsuit, and the matters released herein. BAREFIELD agrees that he and his relatives will not do so at any time hereafter, and that if any agency or court assumes jurisdiction over any charge, complaint, grievance, claim or action against DEFENDANT or any Releasees, he will direct that agency or court to withdraw from or dismiss with prejudice, the charge, complaint, grievance, claim or action and that he will not seek or accept any personal relief in any such action. BAREFIELD further agrees to defend, indemnify and hold DEFENDANT harmless from any and all complaints, claims, or actions, if any, brought by any family member relating to the claims arising out of or related to the subject matter of the Civil Lawsuit, and pay any costs, expenses, or damages sustained by DEFENDANT by reason of any such claims, or actions including any amounts paid by DEFENDANT as attorneys' fees, court fees, or otherwise.

FOURTH: (a) As a material inducement to enter into this Agreement, BAREFIELD agrees that he will keep the terms of this Agreement strictly confidential. BAREFIELD warrants that he has not disclosed, orally or in writing, directly or indirectly, *the terms or amount of the settlement or the terms of this Agreement (Settlement Information)*, to any

person or entity. BAREFIELD agrees and acknowledges that the Settlement Information is strictly and highly confidential and that the highly confidential nature of this Settlement Information is of the utmost importance to DEFENDANT and is thus a material condition of this settlement. BAREFIELD therefore agrees that he will not, directly or indirectly, seek or attempt to convey, imply, intimate, suggest, hint, insinuate or otherwise disclose the Settlement Information, except as required by law. If any request is made by anyone for any information about the Settlement Information or the result of this dispute between BAREFIELD on the one hand and DEFENDANT on the other, **BAREFIELD will disclose only that the Civil Lawsuit is dismissed and over.** Notwithstanding the foregoing, BAREFIELD may disclose the terms of this Agreement only to BAREFIELD's spouse, his attorneys and other professional advisors, such as tax preparers or accountants, in the event that such disclosures are necessary to the business advice being sought or for any other reason required by law, provided such persons are notified that this Settlement Information is strictly and highly confidential information and they agree to honor this confidentiality requirement.

FIFTH: BAREFIELD acknowledges that if DEFENDANT proves any breach of Paragraph FOURTH, which is a material term of this Agreement, by BAREFIELD, or his tax or legal advisors, such breach would cause irreparable harm to DEFENDANT. BAREFIELD further agrees that in the event of a proven breach of Paragraph FOURTH, DEFENDANT'S damages will be incalculable with any degree of certainty. Therefore, in addition and without prejudice to DEFENDANT'S right to seek any other forms of relief, such as injunctive or declaratory relief, BAREFIELD agrees that in the event of a proven breach of Paragraph FOURTH, DEFENDANT shall recover from BAREFIELD liquidated damages, and not as a penalty, the amount of One Thousand Dollars ($1,000.00) for each and every breach proved by DEFENDANT.

SIXTH: BAREFIELD hereby agrees that all rights under section 1542 of the Civil Code of the State of California are hereby waived by him. Section 1542 provides as follows:

> A general release does not extend to claims which the creditor
> does not know or suspect to exist in his favor at the time of
> executing the release, which if known by him must have materially
> affected his settlement with the debtor.

SEVENTH: (a) Notwithstanding the provisions of section 1542 of the Civil Code of the State of California, BAREFIELD hereby irrevocably and unconditionally releases and forever discharges DEFENDANT and all Releasees, from any and all charges, complaints, claims, and liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected (hereinafter referred to as "claim" or "claims") which BAREFIELD at any time heretofore had or claimed to have, or which BAREFIELD may have or claim to have regarding events that have occurred as of the date of this Agreement, including, without limitation, any and all claims relating to, arising out of or related to the subject matter of the Civil Lawsuit. BAREFIELD further agrees that by virtue of this Agreement he gives up any right to recover any monies in any class or collective actions.

EIGHTH: The parties hereto represent and acknowledge that in executing this Agreement they do not rely and have not relied upon any representation or statement made by any of the parties or by any of the parties' agents, attorneys, or representatives with regard to the subject matter, basis, or effect of this Agreement or otherwise, other than those specifically stated in this written Agreement.

NINTH: This Agreement shall be binding upon the parties hereto and upon his heirs, administrators, representatives, executors, successors, offspring, relatives, family members, spouse, and assigns, and shall inure to the benefit of said parties and of said Releasees and each of them and to his heirs, administrators, representatives, executors, successors, and assigns. BAREFIELD expressly warrants that he has not transferred to any person or entity any rights, causes of action, or claims released in this Agreement. BAREFIELD also expressly warrants that, to his knowledge, no liens have been filed in favor of any attorneys or other third parties in connection with the litigation giving rise to this Agreement, and that to the extent any liens exist, BAREFIELD will satisfy such lien obligations.

**TENTH:** Should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms, or provisions shall not be affected thereby, and said illegal, unenforceable, or invalid part, term, or provision shall be deemed severable, and not to be a part of this Agreement. It is the intent of the parties that if any such severance of a portion of this Agreement be made, then any such severance should be as narrow as possible, excising only as much as absolutely necessary to sever whatever portion is deemed unenforceable.

**ELEVENTH:** The parties hereby expressly and knowingly acknowledge that each may, after the execution of this Agreement, discover facts different from or in addition to those which each now knows or believes to be true with respect to the claims released in this Agreement. Nonetheless, each party agrees that this Agreement shall remain in full force and effect in all respects, notwithstanding such different or additional facts. It is the intention hereby fully, finally and forever to settle and release all such matters, and any and all claims relating to those matters, which now exist, may exist, or previously have existed with respect to any and all claims arising out of or related to the subject matter of the Civil Lawsuit. Except as otherwise provided herein, the parties further agree that this Agreement may be pleaded as a full and complete defense to any subsequent action or other proceeding arising out of, or relating to, or having anything to do with any and all of the claims, issues, defenses, or other matters capable of being alleged by BAREFIELD. Each party relies on the finality of this Agreement as a material factor inducing that party's execution of this Agreement.

**TWELFTH:** In signing this Agreement, each party hereto warrants and represents that they are fully entitled and authorized to give this release on behalf of themselves and the Releasors/Releasees and on behalf of the entity for whom this Agreement is signed.

**THIRTEENTH:** No modification or amendment of the Agreement shall be of any force and effect unless in writing and executed by all parties to the Agreement.

FOURTEENTH: This Agreement sets forth the entire agreement between the parties hereto and fully supersedes any and all prior agreements or understandings, written or oral, between the parties hereto pertaining to the settlement. This Agreement cannot be orally modified. Any amendment or modification to this Agreement must be in writing, signed by BAREFIELD, and by a duly authorized representative of DEFENDANT.

FIFTEENTH: This Agreement may be executed in counterparts, with each counterpart being and having the same effect as an original, but all of which together shall constitute one agreement. The signing of a facsimile copy shall have the same force and effect as the signing of an original, and a facsimile signature shall be deemed an original and valid signature.

PLAINTIFF FINAS D. BAREFIELD JR.

Dated: _May 6_, 2015

DARDEN RESTAURANTS, INC. d/b/a/ YARD HOUSE RESTAURANTS

Dated: _____, 2015

Seth Rivera
Senior Associate Counsel

**Approved As To Form:**

LITTLER MENDELSON
A Professional Corporation

Dated: _____, 2015

Theodora R. Lee, Esq.
Attorney for DEFENDANT
DARDEN RESTAURANTS, INC. d/b/a/ YARD HOUSE RESTAURANTS

Form **W-9**
(Rev. December 2014)
Department of the Treasury
Internal Revenue Service

# Request for Taxpayer
# Identification Number and Certification

Give Form to the
requester. Do not
send to the IRS.

Print or type · See Specific Instructions on page 2.

**1** Name (as shown on your income tax return). Name is required on this line; do not leave this line blank.

Finas D. Barefield Jr.

**2** Business name/disregarded entity name, if different from above

**3** Check appropriate box for federal tax classification; check only one of the following seven boxes:

[✓] Individual/sole proprietor or single-member LLC   [ ] C Corporation   [ ] S Corporation   [ ] Partnership   [ ] Trust/estate

[ ] Limited liability company. Enter the tax classification (C=C corporation, S=S corporation, P=partnership) ▶ _____

Note. For a single-member LLC that is disregarded, do not check LLC; check the appropriate box in the line above for the tax classification of the single-member owner.

[ ] Other (see instructions) ▶

**4** Exemptions (codes apply only to certain entities, not individuals; see instructions on page 3):

Exempt payee code (if any) _____

Exemption from FATCA reporting code (if any) _____

*(Applies to accounts maintained outside the U.S.)*

**5** Address (number, street, and apt. or suite no.)

8435 Carlin Avenue

**6** City, state, and ZIP code

Sacramento, California 95823-5651

Requester's name and address (optional)

**7** List account number(s) here (optional)

## Part I    Taxpayer Identification Number (TIN)

Enter your TIN in the appropriate box. The TIN provided must match the name given on line 1 to avoid backup withholding. For individuals, this is generally your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the Part I instructions on page 3. For other entities, it is your employer identification number (EIN). If you do not have a number, see *How to get a TIN* on page 3.

**Note.** If the account is in more than one name, see the instructions for line 1 and the chart on page 4 for guidelines on whose number to enter.

Social security number

5 6 0 – 5 2 – 1 7 8 1

or

Employer identification number

_ – _

## Part II    Certification

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and

2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and

3. I am a U.S. citizen or other U.S. person (defined below); and

4. The FATCA code(s) entered on this form (if any) indicating that I am exempt from FATCA reporting is correct.

**Certification instructions.** You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the certification, but you must provide your correct TIN. See the instructions on page 3.

Sign
Here

Signature of
U.S. person ▶ *Finas D. Barefield Jr.*      Date ▶ *May 5, 2025*

## General Instructions

Section references are to the Internal Revenue Code unless otherwise noted.

**Future developments.** Information about developments affecting Form W-9 (such as legislation enacted after we release it) is at *www.irs.gov/fw9*.

## Purpose of Form

An individual or entity (Form W-9 requester) who is required to file an information return with the IRS must obtain your correct taxpayer identification number (TIN) which may be your social security number (SSN), individual taxpayer identification number (ITIN), adoption taxpayer identification number (ATIN), or employer identification number (EIN), to report on an information return the amount paid to you, or other amount reportable on an information return. Examples of information returns include, but are not limited to, the following:

• Form 1099-INT (interest earned or paid)

• Form 1099-DIV (dividends, including those from stocks or mutual funds)

• Form 1099-MISC (various types of income, prizes, awards, or gross proceeds)

• Form 1099-B (stock or mutual fund sales and certain other transactions by brokers)

• Form 1099-S (proceeds from real estate transactions)

• Form 1099-K (merchant card and third party network transactions)

• Form 1098 (home mortgage interest), 1098-E (student loan interest), 1098-T (tuition)

• Form 1099-C (canceled debt)

• Form 1099-A (acquisition or abandonment of secured property)

Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN.

*If you do not return Form W-9 to the requester with a TIN, you might be subject to backup withholding. See What is backup withholding? on page 2.*

By signing the filled-out form, you:

1. Certify that the TIN you are giving is correct (or you are waiting for a number to be issued),

2. Certify that you are not subject to backup withholding, or

3. Claim exemption from backup withholding if you are a U.S. exempt payee. If applicable, you are also certifying that as a U.S. person, your allocable share of any partnership income from a U.S. trade or business is not subject to the withholding tax on foreign partners' share of effectively connected income, and

4. Certify that FATCA code(s) entered on this form (if any) indicating that you are exempt from the FATCA reporting, is correct. See *What is FATCA reporting?* on page 2 for further information.

# EXHIBIT F

| | |
|---|---|
| **From:** | Lee, Theodora |
| **Sent:** | Thursday, May 07, 2015 9:38 AM |
| **To:** | Finas D. Barefield Jr. (ospconsul@comcast.net) |
| **Subject:** | Barefield v. Darden |
| **Attachments:** | BAREFIELD_FINAL SETTLEMENT AGREEMENT (133388098_1).PDF |

Mr. Barefield, attached is another copy of the final Settlement Agreement. The agreement you modified, and signed and sent my client is fraudulent and contrary to the parties' agreement. Please sign this agreement and forward to me, not directly to my client, by no later than Friday, May 15, 2015. If we do not have your signature on this version by May 15, we will seek court intervention, and bring this fraud to the Court's attention and seek sanctions. The Court considers your conduct to be extremely egregious. Hopefully, you will sign this Agreement and we can avoid seeking sanctions against you.

**Theodora Lee,** Shareholder
415.677.3132 direct   510.604.5015 mobile   415.743.6770 fax   TLee@littler.com
650 California Street, 20th Floor | San Francisco, CA 94108-2693

**Littler**  | littler.com
Employment & Labor Law Solutions Worldwide

## CONFIDENTIAL SETTLEMENT AGREEMENT, GENERAL RELEASE AND DISMISSAL WITH PREJUDICE OF ALL CLAIMS

This Confidential Settlement Agreement, General Release and Dismissal with Prejudice of All Claims ("Agreement") is made and entered into by and between Plaintiff FINAS D. BAREFIELD JR. (hereinafter "Plaintiff" or "BAREFIELD") and Defendant DARDEN RESTAURANTS, INC. d/b/a/ YARD HOUSE RESTAURANTS (hereinafter "DEFENDANT"), its parent corporations, holding corporations, subsidiaries, affiliates, divisions, predecessors, successors, related entities, assigns, and all of its officers, directors, supervisors, managers, employees, agents and representatives.

WITNESSETH:

WHEREAS, there is presently certain litigation pending in the United States District Court for the Northern District of California, filed under Case No. C14-3733 NC, entitled *Finas D. Barefield, Jr. v. Darden Restaurants, Inc. d/b/a Yard House Restaurants* (hereinafter the "Civil Lawsuit" or "Complaint");

WHEREAS, BAREFIELD represents that, with the exception of the Civil Lawsuit, Case No. C14-3733 NC, he does not have pending against DEFENDANT or any employee, former employee, agent, officer, director, shareholder, representative, supervisor, former supervisor, successor, parent corporation, holding corporation, division, subsidiary, affiliate or related entity of DEFENDANT (hereinafter referred to as "Releasees") any claim, charge, or action in or with any federal, state, or local court, or administrative agency; and

WHEREAS, BAREFIELD and DEFENDANT desire to settle fully and finally all differences between them as of the effective date of this Agreement, and all claims arising out of or related to the subject matter of the Civil Lawsuit.

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, and to avoid the time and expense of litigation, it is hereby agreed by and between the parties as follows:

FIRST:This Agreement and compliance with this Agreement shall not be construed as an admission by DEFENDANT or by any Releasees of any liability whatsoever, or as an admission by DEFENDANT or by any Releasees of any violation of the rights of BAREFIELD or any person, or violation of any order, law, statute, duty, or contract whatsoever with respect to BAREFIELD or any person. DEFENDANT and Releasees specifically disclaim that they have in any way violated the rights of BAREFIELD, and thereby disclaim any liability to BAREFIELD or any other person for any alleged violation of the rights of BAREFIELD or any person, or for any alleged violation of any order, law, statute, duty, or contract on the part of DEFENDANT and/or of any Releasees.

SECOND:    (a)    Upon signing this Agreement, BAREFIELD will deliver to counsel for DEFENDANT an executed copy of this Agreement, along with an executed W-9. DEFENDANT will, within thirty (30) calendar days, cause to be delivered to BAREFIELD via Federal Express a check in the gross amount of Five Thousand Dollars ($5,000.00) made payable to "Finas D. Barefield Jr." The parties agree that DEFENDANT will issue the requisite Form 1099 to BAREFIELD. These monies and the other good and valuable consideration set forth herein represent the full and complete settlement of the claims of BAREFIELD against DEFENDANT pertaining to any and all claims of BAREFIELD and any and all of his family members.

(b)    BAREFIELD agrees that the foregoing payments shall constitute an accord and satisfaction and shall constitute the entire amount of monetary consideration provided to him and his family under this Agreement and that he will not seek any further compensation from DEFENDANT or Releasees for any other claimed damages, costs, or attorneys' fees in connection with the matters encompassed in this Agreement, including all allegations stated in connection with the Civil Lawsuit.

(c)    BAREFIELD acknowledges and agrees that neither DEFENDANT nor its attorneys have made any representations to him regarding the tax consequences, or not, of the settlement payment made under this Agreement. BAREFIELD agrees

2

to pay all federal, state or local taxes, if any, which are required by law to be paid with respect to the settlement payment. BAREFIELD further agrees to defend, indemnify and hold DEFENDANT harmless from any and all claims, demands, deficiencies, levies, assessments, executions, judgments or recoveries by any governmental entity against DEFENDANT for any amounts claimed due on account of this Agreement or pursuant to claims made under any federal, state or local tax laws for monies payable by BAREFIELD, and any costs, expenses, or damages sustained by DEFENDANT by reason of any such claims, including any amounts paid by DEFENDANT as taxes, attorneys' fees, deficiencies, levies, assessments, fines, penalties, interest or otherwise.

THIRD: BAREFIELD represents that neither he nor anyone acting through or by him nor any spouse, heir, offspring, relative, family member, representative, agent, counsel, executor, assign, or successor (hereinafter referred to as "Releasors") has filed any complaints, claims, or actions against DEFENDANT or against any Releasee with any state, federal, or local agency or court arising out of and/or pertaining to the subject matter of the Civil Lawsuit, and the matters released herein. BAREFIELD agrees that he and his relatives will not do so at any time hereafter, and that if any agency or court assumes jurisdiction over any charge, complaint, grievance, claim or action against DEFENDANT or any Releasees, he will direct that agency or court to withdraw from or dismiss with prejudice, the charge, complaint, grievance, claim or action and that he will not seek or accept any personal relief in any such action. BAREFIELD further agrees to defend, indemnify and hold DEFENDANT harmless from any and all complaints, claims, or actions, if any, brought by any family member relating to the claims arising out of or related to the subject matter of the Civil Lawsuit, and pay any costs, expenses, or damages sustained by DEFENDANT by reason of any such claims, or actions including any amounts paid by DEFENDANT as attorneys' fees, court fees, or otherwise.

FOURTH: (a) As a material inducement to enter into this Agreement, BAREFIELD agrees that he will keep the terms of this Agreement strictly confidential. BAREFIELD warrants that he has not disclosed, orally or in writing, directly or indirectly, *the terms or amount of the settlement or the terms of this Agreement (Settlement Information)*, to any

person or entity.  BAREFIELD agrees and acknowledges that the Settlement Information is strictly and highly confidential and that the highly confidential nature of this Settlement Information is of the utmost importance to DEFENDANT and is thus a material condition of this settlement.  BAREFIELD therefore agrees that he will not, directly or indirectly, seek or attempt to convey, imply, intimate, suggest, hint, insinuate or otherwise disclose the Settlement Information, except as required by law. If any request is made by anyone for any information about the Settlement Information or the result of this dispute between BAREFIELD on the one hand and DEFENDANT on the other, **BAREFIELD will disclose only that the Civil Lawsuit is dismissed and over.**  Notwithstanding the foregoing, BAREFIELD may disclose the terms of this Agreement only to BAREFIELD's spouse, his attorneys and other professional advisors, such as tax preparers or accountants, in the event that such disclosures are necessary to the business advice being sought or for any other reason required by law, provided such persons are notified that this Settlement Information is strictly and highly confidential information and they agree to honor this confidentiality requirement.

      FIFTH:     BAREFIELD acknowledges that if DEFENDANT proves any breach of Paragraph FOURTH, which is a material term of this Agreement, by BAREFIELD, or his tax or legal advisors, such breach would cause irreparable harm to DEFENDANT. BAREFIELD further agrees that in the event of a proven breach of Paragraph FOURTH, DEFENDANT'S damages will be incalculable with any degree of certainty.  Therefore, in addition and without prejudice to DEFENDANT'S right to seek any other forms of relief, such as injunctive or declaratory relief, BAREFIELD agrees that in the event of a proven breach of Paragraph FOURTH, DEFENDANT shall recover from BAREFIELD liquidated damages, and not as a penalty, the amount of One Thousand Dollars ($1,000.00) for each and every breach proved by DEFENDANT.

      SIXTH:     BAREFIELD hereby agrees that all rights under section 1542 of the Civil Code of the State of California are hereby waived by him.  Section 1542 provides as follows:

A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

SEVENTH: (a) Notwithstanding the provisions of section 1542 of the Civil Code of the State of California, BAREFIELD hereby irrevocably and unconditionally releases and forever discharges DEFENDANT and all Releasees, from any and all charges, complaints, claims, and liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected (hereinafter referred to as "claim" or "claims") which BAREFIELD at any time heretofore had or claimed to have, or which BAREFIELD may have or claim to have regarding events that have occurred as of the date of this Agreement, including, without limitation, any and all claims relating to, arising out of or related to the subject matter of the Civil Lawsuit. BAREFIELD further agrees that by virtue of this Agreement he gives up any right to recover any monies in any class or collective actions.

EIGHTH: The parties hereto represent and acknowledge that in executing this Agreement they do not rely and have not relied upon any representation or statement made by any of the parties or by any of the parties' agents, attorneys, or representatives with regard to the subject matter, basis, or effect of this Agreement or otherwise, other than those specifically stated in this written Agreement.

NINTH: This Agreement shall be binding upon the parties hereto and upon his heirs, administrators, representatives, executors, successors, offspring, relatives, family members, spouse, and assigns, and shall inure to the benefit of said parties and of said Releasees and each of them and to his heirs, administrators, representatives, executors, successors, and assigns. BAREFIELD expressly warrants that he has not transferred to any person or entity any rights, causes of action, or claims released in this Agreement. BAREFIELD also expressly warrants that, to his knowledge, no liens have been filed in favor of any attorneys or other third parties in connection with the litigation giving rise to this Agreement, and that to the extent any liens exist, BAREFIELD will satisfy such lien obligations.

TENTH: Should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms, or provisions shall not be affected thereby, and said illegal, unenforceable, or invalid part, term, or provision shall be deemed severable, and not to be a part of this Agreement. It is the intent of the parties that if any such severance of a portion of this Agreement be made, then any such severance should be as narrow as possible, excising only as much as absolutely necessary to sever whatever portion is deemed unenforceable.

ELEVENTH: The parties hereby expressly and knowingly acknowledge that each may, after the execution of this Agreement, discover facts different from or in addition to those which each now knows or believes to be true with respect to the claims released in this Agreement. Nonetheless, each party agrees that this Agreement shall remain in full force and effect in all respects, notwithstanding such different or additional facts. It is the intention hereby fully, finally and forever to settle and release all such matters, and any and all claims relating to those matters, which now exist, may exist, or previously have existed with respect to any and all claims arising out of or related to the subject matter of the Civil Lawsuit. Except as otherwise provided herein, the parties further agree that this Agreement may be pleaded as a full and complete defense to any subsequent action or other proceeding arising out of, or relating to, or having anything to do with any and all of the claims, issues, defenses, or other matters capable of being alleged by BAREFIELD. Each party relies on the finality of this Agreement as a material factor inducing that party's execution of this Agreement.

TWELFTH: In signing this Agreement, each party hereto warrants and represents that they are fully entitled and authorized to give this release on behalf of themselves and the Releasors/Releasees and on behalf of the entity for whom this Agreement is signed.

THIRTEENTH: No modification or amendment of the Agreement shall be of any force and effect unless in writing and executed by all parties to the Agreement.

FOURTEENTH:    This Agreement sets forth the entire agreement between the parties hereto and fully supersedes any and all prior agreements or understandings, written or oral, between the parties hereto pertaining to the settlement. This Agreement cannot be orally modified. Any amendment or modification to this Agreement must be in writing, signed by BAREFIELD, and by a duly authorized representative of DEFENDANT.

FIFTEENTH: This Agreement may be executed in counterparts, with each counterpart being and having the same effect as an original, but all of which together shall constitute one agreement. The signing of a facsimile copy shall have the same force and effect as the signing of an original, and a facsimile signature shall be deemed an original and valid signature.

PLAINTIFF FINAS D. BAREFIELD JR.

Dated: _____, 2015        _____

DARDEN RESTAURANTS, INC. d/b/a/ YARD HOUSE RESTAURANTS

Dated: _____, 2015        _____
                                    Seth Rivera
                                    Senior Associate Counsel

**Approved As To Form:**

                                    LITTLER MENDELSON
                                    A Professional Corporation
Dated: _____, 2015        _____
                                    Theodora R. Lee, Esq.
                                    Attorney for DEFENDANT
                                    DARDEN RESTAURANTS, INC. d/b/a/ YARD HOUSE RESTAURANTS

# EXHIBIT G

-----Original Message-----
From: Service of Process Team [mailto:process@corpcreations.com]
Sent: Monday, May 11, 2015 5:35 PM
To: Barbara Torino
Cc: DL - Darden Service of Process
Subject: 2015-1392 Finas D. Barefield, Jr. vs. Darden Restaurants, Inc. dba Yard House Restaurants

-----------------------------------------------------------------------------------

We encourage you to use BEACON Entity Manager, the Corporate Creations online database system for entity, litigation and compliance management. Please ask your account manager about scheduling a quick demonstration of BEACON Entity Manager.  Our clients tell us BEACON Entity Manager is better than online database systems offered by CSC, CT Corporation and other vendors that compete with Corporate Creations.

http://www.CorporateCreations.com/about_us.asp

-----------------------------------------------------------------------------------


Item 2015-1392


We received service of process in our capacity as registered agent for:

Darden Restaurants, Inc.

Special Notes: None.

Please double click the link below to download the service of process image:

http://www.CorporateCreations.us/SOPImages/2015/2015-624-11116033916.pdf

---------------------------------------------------------------------------------

If you have trouble downloading the service of process image when

clicking on the link above, please manually copy and paste the link

into your browser before concluding that the link does not work.

---------------------------------------------------------------------------------

We shipped the service of process to you at:

Barbara Torino, Paralegal

Darden Restaurants, Inc.

1000 Darden Center Drive

Orlando, FL 32837

1. Client Entity: Darden Restaurants, Inc.

2. Title of Action: Finas D. Barefield, Jr. vs. Darden Restaurants, Inc. dba Yard House Restaurants

3. Document(s) Served: Confidential Settlement Agreement, General Release and Dismissal With Prejudice of All Claims

4. Court/Agency: United States Bankruptcy Court

5. State Served: Florida

6. Case Number: C14-3733

7. Case Type: Civil Lawsuit

8. Method of Service: Regular Mail

9. Date Received: Monday 5/11/2015

10. Date to Client: Monday 5/11/2015

11. # Days When Answer Due: Not Applicable

Answer Due Date: Not Applicable

CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of service in their records matches the Date Received.

12. SOP Sender:

Finas Barefield

Sacramento, CA

13. Shipped to Client By: Priority Mail and Email with PDF Link

14. Tracking Number: Not Applicable

15. Handled By: 101

16. Notes: None.

Thank you for choosing Corporate Creations Network Inc. for registered agent services.

Service of Process Team (RR)

Corporate Creations Network Inc.

11380 Prosperity Farms Road #221E

Palm Beach Gardens, Florida 33410

United States

Phone: 561-694-8107

Fax: 561-694-1639

Registered Agent * Director * Incorporation

http://www.CorporateCreations.com

We have a Price Match Guarantee. If your firm has seen a lower price from another service provider for the same service, we will match the price. Even after your firm places orders, if your firm sees a lower price within 30 days, we will refund 100% of the difference.

Founded in 1993, Corporate Creations has thousands of clients and is the third largest provider of registered agent and compliance services nationwide for Fortune 1000 companies and private companies. In addition, Corporate Creations provides registered agent services nationwide for many Am Law 200 law firms, NLJ 250 law firms and their clients. Our services have earned unprecedented acceptance in our industry. We consistently take market share away from our competitors.

We provide the best solution at the best price.

This e-mail message is for the sole use of the intended recipient and may contain information that is confidential, proprietary or privileged. Any unauthorized review, use, distribution, copying or disclosure is strictly prohibited. If you are not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, please notify sender of the delivery error by replying to this message and then delete it from your system. Receipt by anyone other than the intended recipient is not a waiver of confidentiality or privilege.

Darden Restaurants, Inc.
Barbara  Torino Paralegal
Darden Restaurants, Inc.
1000 Darden Center Drive
ORLANDO  FL  32837

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s). **ALL information should be verified by you.**

Note:  Any questions regarding the substance of the matter described below, including the status or to whom or where to respond, should be directed to the person set forth in line 12 below or to the court or government agency where the matter is being heard.

**Item: 2015-1392**

| | | |
|---|---|---|
| 1. | **Client Entity:** | Darden Restaurants, Inc. |
| 2. | **Title of Action:** | Finas D. Barefield, Jr. vs. Darden Restaurants, Inc. dba Yard House Restaurants |
| 3. | **Document(s) Served:** | Confidential Settlement Agreement, General Release and Dismissal With Prejudice of All Claims |
| 4. | **Court/Agency:** | United States Bankruptcy Court |
| 5. | **State Served:** | Florida |
| 6. | **Case Number:** | C14-3733 |
| 7. | **Case Type:** | Civil Lawsuit |
| 8. | **Method of Service:** | Regular Mail |
| 9. | **Date Received:** | Monday 5/11/2015 |
| 10. | **Date to Client:** | Monday  5/11/2015 |
| 11. | **# Days When Answer Due:** Not Applicable **Answer Due Date:** Not Applicable | | **CAUTION:** Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of service in their records matches the Date Received. |
| 12. | **SOP Sender:** (Name, Address and Phone Number) | Finas Barefield Sacramento, CA |
| 13. | **Shipped to Client By:** | Priority Mail and Email with PDF Link |
| 14. | **Tracking Number:** | Not Applicable |
| 15. | **Handled By:** | 101 |
| 16. | **Notes:** | None. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

## CONFIDENTIAL SETTLEMENT AGREEMENT, GENERAL RELEASE AND DISMISSAL WITH PREJUDICE OF ALL CLAIMS

This Confidential Settlement Agreement, General Release and Dismissal with Prejudice of All Claims ("Agreement") is made and entered into by and between Plaintiff FINAS D. BAREFIELD JR. (hereinafter "Plaintiff" or "BAREFIELD") and Defendant DARDEN RESTAURANTS, INC. d/b/a/ YARD HOUSE RESTAURANTS (hereinafter "DEFENDANT"), its parent corporations, holding corporations, subsidiaries, affiliates, divisions, predecessors, successors, related entities, assigns, and all of its officers, directors, supervisors, managers, employees, agents and representatives.

### WITNESSETH:

WHEREAS, there is presently certain litigation pending in the United States District Court for the Northern District of California, filed under Case No. C14-3733 NC, entitled *Finas D. Barefield, Jr. v. Darden Restaurants, Inc. d/b/a Yard House Restaurants* (hereinafter the "Civil Lawsuit" or "Complaint");

WHEREAS, BAREFIELD represents that, with the exception of the Civil Lawsuit, Case No. C14-3733 NC, he does not have pending against DEFENDANT or any employee, former employee, agent, officer, director, shareholder, representative, supervisor, former supervisor, successor, parent corporation, holding corporation, division, subsidiary, affiliate or related entity of DEFENDANT (hereinafter referred to as "Releasees") any claim, charge, or action in or with any federal, state, or local court, or administrative agency; and

WHEREAS, BAREFIELD and DEFENDANT desire to settle fully and finally all differences between them as of the effective date of this Agreement, and all claims arising out of or related to the subject matter of the Civil Lawsuit.

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, and to avoid the time and expense of litigation, it is hereby agreed by and between the parties as follows:

FIRST:This Agreement and compliance with this Agreement shall not be construed as an admission by DEFENDANT or by any Releasees of any liability whatsoever, or as an admission by DEFENDANT or by any Releasees of any violation of the rights of BAREFIELD or any person, or violation of any order, law, statute, duty, or contract whatsoever with respect to BAREFIELD or any person. DEFENDANT and Releasees specifically disclaim that they have in any way violated the rights of BAREFIELD, and thereby disclaim any liability to BAREFIELD or any other person for any alleged violation of the rights of BAREFIELD or any person, or for any alleged violation of any order, law, statute, duty, or contract on the part of DEFENDANT and/or of any Releasees.

SECOND: (a) Upon signing this Agreement, BAREFIELD will deliver to counsel for DEFENDANT an executed copy of this Agreement, along with an executed W-9. DEFENDANT will, within thirty (30) calendar days, cause to be delivered to BAREFIELD Five Thousand Dollars times the number of family members indemnifies by BAREFIELD (25 FAMILY MEMBERS) via Federal Express, a check in the gross amount of One Hundred and Twenty Five Thousand Dollars ($125,000.00) made payable to "Finas D. Barefield Jr." These monies and the other good and valuable consideration set forth herein represent the full and complete settlement of the claims of BAREFIELD against DEFENDANT pertaining to any and all claims of BAREFIELD and any and all of his family members.

(b) BAREFIELD agrees that the foregoing payments shall constitute an accord and satisfaction and shall constitute the entire amount of monetary consideration provided to him and his family under this Agreement and that he will not seek any further compensation from DEFENDANT or Releasees for any other claimed damages, costs, or attorneys' fees in connection with the matters encompassed in this Agreement, including all allegations stated in connection with the Civil Lawsuit.

(c) BAREFIELD acknowledges and agrees that neither DEFENDANT nor its attorneys have made and representations to him regarding the tax consequences, or not, of settlement payment made under this Agreement. BAREFIELD agrees to

2

pay all federal, state or local taxes, if any, which are required by law to be paid with respect to the settlement payment. BAREFIELD further agrees to defend, indemnify and hold DEFENDANT harmless from any and all claims, demands, deficiencies, levies, assessments, executions, judgments or recoveries by any governmental entity against DEFENDANT for any amounts claimed due on account of this Agreement or pursuant to claims made under any federal, state or local tax laws for monies payable by BAREFIELD, and any costs, expenses, or damages sustained by DEFENDANT by reason of any such claims, including any amounts paid by DEFENDANT as taxes, attorneys' fees, deficiencies, levies, assessments, fines, penalties, interest or otherwise.

THIRD: BAREFIELD represents that neither he nor anyone acting through or by him nor any spouse, heir, offspring, relative, family member, representative, agent, counsel, executor, assign, or successor (hereinafter referred to as "Releasors") has filed any complaints, claims, or actions against DEFENDANT or against any Releasee with any state, federal, or local agency or court arising out of and/or pertaining to the subject matter of the Civil Lawsuit, and the matters released herein. BAREFIELD agrees that he and his relatives will not do so at any time hereafter, and that if any agency or court assumes jurisdiction over any charge, complaint, grievance, claim or action against DEFENDANT or any Releasees, he will direct that agency or court to withdraw from or dismiss with prejudice, the charge, complaint, grievance, claim or action and that he will not seek or accept any personal relief in any such action. BAREFIELD further agrees to defend, indemnify and hold DEFENDANT harmless from any and all complaints, claims, or actions, if any, brought by any family member relating to the claims arising out of or related to the subject matter of the Civil Lawsuit, and pay any costs, expenses, or damages sustained by DEFENDANT by reason of any such claims, or actions including any amounts paid by DEFENDANT as attorneys' fees, court fees, or otherwise.

FOURTH: (a) As a material inducement to enter into this Agreement, BAREFIELD agrees that he will keep the terms of this Agreement strictly confidential. BAREFIELD warrants that he has not disclosed, orally or in writing, directly or indirectly, *the terms or amount of the settlement or the terms of this Agreement (Settlement Information)*, to any

3

person or entity. BAREFIELD agrees and acknowledges that the Settlement Information is strictly and highly confidential and that the highly confidential nature of this Settlement Information is of the utmost importance to DEFENDANT and is thus a material condition of this settlement. BAREFIELD therefore agrees that he will not, directly or indirectly, seek or attempt to convey, imply, intimate, suggest, hint, insinuate or otherwise disclose the Settlement Information, except as required by law. If any request is made by anyone for any information about the Settlement Information or the result of this dispute between BAREFIELD on the one hand and DEFENDANT on the other, **BAREFIELD will disclose only that the Civil Lawsuit is dismissed and over.** Notwithstanding the foregoing, BAREFIELD may disclose the terms of this Agreement only to BAREFIELD's spouse, his attorneys and other professional advisors, such as tax preparers or accountants, in the event that such disclosures are necessary to the business advice being sought or for any other reason required by law, provided such persons are notified that this Settlement Information is strictly and highly confidential information and they agree to honor this confidentiality requirement.

FIFTH: BAREFIELD acknowledges that if DEFENDANT proves any breach of Paragraph FOURTH, which is a material term of this Agreement, by BAREFIELD, or his tax or legal advisors, such breach would cause irreparable harm to DEFENDANT. BAREFIELD further agrees that in the event of a proven breach of Paragraph FOURTH, DEFENDANT'S damages will be incalculable with any degree of certainty. Therefore, in addition and without prejudice to DEFENDANT'S right to seek any other forms of relief, such as injunctive or declaratory relief, BAREFIELD agrees that in the event of a proven breach of Paragraph FOURTH, DEFENDANT shall recover from BAREFIELD liquidated damages, and not as a penalty, the amount of One Thousand Dollars ($1,000.00) for each and every breach proved by DEFENDANT.

SIXTH: BAREFIELD hereby agrees that all rights under section 1542 of the Civil Code of the State of California are hereby waived by him. Section 1542 provides as follows:

A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

SEVENTH: (a) Notwithstanding the provisions of section 1542 of the Civil Code of the State of California, BAREFIELD hereby irrevocably and unconditionally releases and forever discharges DEFENDANT and all Releasees, from any and all charges, complaints, claims, and liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected (hereinafter referred to as "claim" or "claims") which BAREFIELD at any time heretofore had or claimed to have, or which BAREFIELD may have or claim to have regarding events that have occurred as of the date of this Agreement, including, without limitation, any and all claims relating to, arising out of or related to the subject matter of the Civil Lawsuit. BAREFIELD further agrees that by virtue of this Agreement he gives up any right to recover any monies in any class or collective actions.

EIGHTH: The parties hereto represent and acknowledge that in executing this Agreement they do not rely and have not relied upon any representation or statement made by any of the parties or by any of the parties' agents, attorneys, or representatives with regard to the subject matter, basis, or effect of this Agreement or otherwise, other than those specifically stated in this written Agreement.

NINTH: This Agreement shall be binding upon the parties hereto and upon his heirs, administrators, representatives, executors, successors, offspring, relatives, family members, spouse, and assigns, and shall inure to the benefit of said parties and of said Releasees and each of them and to his heirs, administrators, representatives, executors, successors, and assigns. BAREFIELD expressly warrants that he has not transferred to any person or entity any rights, causes of action, or claims released in this Agreement. BAREFIELD also expressly warrants that, to his knowledge, no liens have been filed in favor of any attorneys or other third parties in connection with the litigation giving rise to this Agreement, and that to the extent any liens exist, BAREFIELD will satisfy such lien obligations.

TENTH:     Should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms, or provisions shall not be affected thereby, and said illegal, unenforceable, or invalid part, term, or provision shall be deemed severable, and not to be a part of this Agreement. It is the intent of the parties that if any such severance of a portion of this Agreement be made, then any such severance should be as narrow as possible, excising only as much as absolutely necessary to sever whatever portion is deemed unenforceable.

ELEVENTH: The parties hereby expressly and knowingly acknowledge that each may, after the execution of this Agreement, discover facts different from or in addition to those which each now knows or believes to be true with respect to the claims released in this Agreement. Nonetheless, each party agrees that this Agreement shall remain in full force and effect in all respects, notwithstanding such different or additional facts. It is the intention hereby fully, finally and forever to settle and release all such matters, and any and all claims relating to those matters, which now exist, may exist, or previously have existed with respect to any and all claims arising out of or related to the subject matter of the Civil Lawsuit. Except as otherwise provided herein, the parties further agree that this Agreement may be pleaded as a full and complete defense to any subsequent action or other proceeding arising out of, or relating to, or having anything to do with any and all of the claims, issues, defenses, or other matters capable of being alleged by BAREFIELD. Each party relies on the finality of this Agreement as a material factor inducing that party's execution of this Agreement.

TWELFTH: In signing this Agreement, each party hereto warrants and represents that they are fully entitled and authorized to give this release on behalf of themselves and the Releasors/Releasees and on behalf of the entity for whom this Agreement is signed.

THIRTEENTH:     No modification or amendment of the Agreement shall be of any force and effect unless in writing and executed by all parties to the Agreement.

FOURTEENTH:     This Agreement sets forth the entire agreement between the parties hereto and fully supersedes any and all prior agreements or understandings, written or oral, between the parties hereto pertaining to the settlement. This Agreement cannot be orally modified. Any amendment or modification to this Agreement must be in writing, signed by BAREFIELD, and by a duly authorized representative of DEFENDANT.

FIFTEENTH: This Agreement may be executed in counterparts, with each counterpart being and having the same effect as an original, but all of which together shall constitute one agreement. The signing of a facsimile copy shall have the same force and effect as the signing of an original, and a facsimile signature shall be deemed an original and valid signature.


PLAINTIFF FINAS D. BAREFIELD JR.

Dated: _May 6_, 2015      _____


DARDEN RESTAURANTS, INC. d/b/a/ YARD
HOUSE RESTAURANTS


Dated: _____, 2015     _____

Seth Rivera
Senior Associate Counsel


**Approved As To Form:**


LITTLER MENDELSON
A Professional Corporation

Dated: _____, 2015     _____

Theodora R. Lee, Esq.
Attorney for DEFENDANT
DARDEN RESTAURANTS, INC. d/b/a/ YARD
HOUSE RESTAURANTS

Firmwide:133313986.1 069299.1097

Form **W-9**
(Rev. December 2014)
Department of the Treasury
Internal Revenue Service

# Request for Taxpayer
# Identification Number and Certification

Give Form to the
requester. Do not
send to the IRS.

**1** Name (as shown on your income tax return). Name is required on this line; do not leave this line blank.

Finas D. Barefield Jr.

**2** Business name/disregarded entity name, if different from above

**3** Check appropriate box for federal tax classification; check only one of the following seven boxes:

☑ Individual/sole proprietor or single-member LLC  ☐ C Corporation  ☐ S Corporation  ☐ Partnership  ☐ Trust/estate

☐ Limited liability company. Enter the tax classification (C=C corporation, S=S corporation, P=partnership) ▶

**Note.** For a single-member LLC that is disregarded, do not check LLC; check the appropriate box in the line above for the tax classification of the single-member owner.

☐ Other (see instructions) ▶

**4** Exemptions (codes apply only to certain entities, not individuals; see instructions on page 3):

Exempt payee code (if any)

Exemption from FATCA reporting code (if any)

*(Applies to accounts maintained outside the U.S.)*

**5** Address (number, street, and apt. or suite no.)

8435 Carlin Avenue

**6** City, state, and ZIP code

Sacramento, California 95823-5651

Requester's name and address (optional)

**7** List account number(s) here (optional)

*Print or type*
*See Specific Instructions on page 2.*

## Part I  Taxpayer Identification Number (TIN)

Enter your TIN in the appropriate box. The TIN provided must match the name given on line 1 to avoid backup withholding. For individuals, this is generally your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the Part I instructions on page 3. For other entities, it is your employer identification number (EIN). If you do not have a number, see *How to get a TIN* on page 3.

**Note.** If the account is in more than one name, see the instructions for line 1 and the chart on page 4 for guidelines on whose number to enter.

Social security number

5 6 0 – 5 2 – 1 7 8 1

or

Employer identification number

|  |  | – |  |  |  |  |  |

## Part II  Certification

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and

2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and

3. I am a U.S. citizen or other U.S. person (defined below); and

4. The FATCA code(s) entered on this form (if any) indicating that I am exempt from FATCA reporting is correct.

**Certification Instructions.** You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the certification, but you must provide your correct TIN. See the instructions on page 3.

Sign
Here

Signature of
U.S. person ▶ *[signature]*

Date ▶ *May 5, 2015*

## General Instructions

Section references are to the Internal Revenue Code unless otherwise noted.

**Future developments.** Information about developments affecting Form W-9 (such as legislation enacted after we release it) is at *www.irs.gov/fw9*.

### Purpose of Form

An individual or entity (Form W-9 requester) who is required to file an information return with the IRS must obtain your correct taxpayer identification number (TIN) which may be your social security number (SSN), individual taxpayer identification number (TIN), adoption taxpayer identification number (ATIN), or employer identification number (EIN), to report on an information return the amount paid to you, or other amount reportable on an information return. Examples of information returns include, but are not limited to, the following:

• Form 1099-INT (interest earned or paid)

• Form 1099-DIV (dividends, including those from stocks or mutual funds)

• Form 1099-MISC (various types of income, prizes, awards, or gross proceeds)

• Form 1099-B (stock or mutual fund sales and certain other transactions by brokers)

• Form 1099-S (proceeds from real estate transactions)

• Form 1099-K (merchant card and third party network transactions)

• Form 1098 (home mortgage interest), 1098-E (student loan interest), 1098-T (tuition)

• Form 1099-C (canceled debt)

• Form 1099-A (acquisition or abandonment of secured property)

Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN.

*If you do not return Form W-9 to the requester with a TIN, you might be subject to backup withholding.* See *What is backup withholding?* on page 2.

By signing the filled-out form, you:

1. Certify that the TIN you are giving is correct (or you are waiting for a number to be issued),

2. Certify that you are not subject to backup withholding, or

3. Claim exemption from backup withholding if you are a U.S. exempt payee. If applicable, you are also certifying that as a U.S. person, your allocable share of any partnership income from a U.S. trade or business is not subject to the withholding tax on foreign partners' share of effectively connected income, and

4. Certify that FATCA code(s) entered on this form (if any) indicating that you are exempt from the FATCA reporting, is correct. See *What is FATCA reporting?* on page 2 for further information.

Cat. No. 10231X

Form **W-9** (Rev. 12-2014)

MAY 1 1 2015

# EXHIBIT H

| | |
|---|---|
| **From:** | Lee, Theodora |
| **Sent:** | Wednesday, May 13, 2015 1:31 PM |
| **To:** | Finas D. Barefield Jr. (ospconsul@comcast.net) |
| **Subject:** | FW: Barefield v. Darden |
| **Attachments:** | BAREFIELD_FINAL SETTLEMENT AGREEMENT (133388098_1).PDF |

Mr. Barefield, it has come to my attention that you attempted to file your fraudulent settlement agreement in the United States Bankruptcy Court in Florida. There are no pending Bankruptcy proceedings, and this is further evidence of your fraud upon the Court. Your continued fraudulent conduct will subject you to sanctions in federal District Court. Indeed, the court has the inherent power to impose sanction on you for your fraudulent conduct. Roadway Express, Inc. v. Piper, 447 U.S. 752, 764-65, 100 S.Ct. 2455, 2463 (1980); Chambers v. NASCO, Inc., 501 U.S. 32, 26, 111 S.Ct. 2123 (1991). Bad faith conduct which arises at any stage in the litigation will give rise to the courts' inherent power to impose sanctions. Hall v. Cole, 412 U.S. 1, 15, 93 S.Ct. 1943, 1951 (1973). Accordingly, the inherent power of the court "reaches both conduct before the court and beyond the court's confines." Chambers, 501 U.S. at 43, 111 S.Ct. at 2132. Indeed, once this is brought to the court's attention, your case will be dismissed as the appropriate sanction, and you will likely be required to pay Darden Restaurant's its attorney's fees for forcing it to file a motion to enforce and for sanctions.

As part of their inherent powers, federal courts "have the inherent power to dismiss an action when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice." Fjelstad v. American Honda Motor Co., 762 F.2d 1334, 1338 (9th Cir. 1985); Wyle v. R.J. Reynolds Industries, Inc., 709 F.2d 585, 589 (9th Cir. 1983); Sun World, Inc. v. Lizarazu Olivarria, 144 F.R.D. 384, 389 (E.D. Ca. 1992). In the Ninth Circuit, "[i]t is well settled that dismissal is warranted where, as here, a party has deliberately engaged in deceptive practices which undermine the integrity of judicial proceedings." Anheuser-Busch, Inc. v. Natural Beverage Distributors, 69 F.3d 337, 348 (9th Cir. 1995). "A 'fraud on the court' is an 'unconscionable plan or scheme which is designed to improperly influence the court in its decision.'" Phoceene Sous-Marine, S.A. v. U.S. Phosmarine, Inc., 682 F.2d 802, 805 (9th Cir. 1982) (quoting England v. Doyle, 281 F.2d 304, 309 (9th Cir. 1960)). As these cases indicate, there are serious consequences for your conduct. Again, if I do not have in my office a signed version of the original Settlement Agreement by Friday, May 15, 2015, we will proceed with filing the motion to enforce terms of the settlement set forth on the record, and seek sanctions, including a dismissal without any compensation to you and Darden receiving its attorney's fees.

**Theodora Lee,** Shareholder
415.677.3132 direct   510.604.5015 mobile   415.743.6770 fax   TLee@littler.com
650 California Street, 20th Floor | San Francisco, CA 94108-2693

# Littler   | littler.com
Employment & Labor Law Solutions Worldwide

**From:** Lee, Theodora
**Sent:** Thursday, May 07, 2015 9:38 AM
**To:** 'Finas D. Barefield Jr. (ospconsul@comcast.net)'
**Subject:** Barefield v. Darden

Mr. Barefield, attached is another copy of the final Settlement Agreement. The agreement you modified, and signed and sent my client is fraudulent and contrary to the parties' agreement. Please sign this agreement and forward to me, not directly to my client, by no later than Friday, May 15, 2015. If we do not have your signature on this version by May 15, we will seek court intervention, and bring this fraud to the Court's attention and seek sanctions. The Court considers your conduct to be extremely egregious. Hopefully, you will sign this Agreement and we can avoid seeking sanctions against you.

**Theodora Lee,** Shareholder
415.677.3132 direct   510.604.5015 mobile   415.743.6770 fax   TLee@littler.com
650 California Street, 20th Floor | San Francisco, CA 94108-2693

# Littler   | littler.com
Employment & Labor Law Solutions Worldwide

## CONFIDENTIAL SETTLEMENT AGREEMENT, GENERAL RELEASE AND DISMISSAL WITH PREJUDICE OF ALL CLAIMS

This Confidential Settlement Agreement, General Release and Dismissal with Prejudice of All Claims ("Agreement") is made and entered into by and between Plaintiff FINAS D. BAREFIELD JR. (hereinafter "Plaintiff" or "BAREFIELD") and Defendant DARDEN RESTAURANTS, INC. d/b/a/ YARD HOUSE RESTAURANTS (hereinafter "DEFENDANT"), its parent corporations, holding corporations, subsidiaries, affiliates, divisions, predecessors, successors, related entities, assigns, and all of its officers, directors, supervisors, managers, employees, agents and representatives.

WITNESSETH:

WHEREAS, there is presently certain litigation pending in the United States District Court for the Northern District of California, filed under Case No. C14-3733 NC, entitled *Finas D. Barefield, Jr. v. Darden Restaurants, Inc. d/b/a Yard House Restaurants* (hereinafter the "Civil Lawsuit" or "Complaint");

WHEREAS, BAREFIELD represents that, with the exception of the Civil Lawsuit, Case No. C14-3733 NC, he does not have pending against DEFENDANT or any employee, former employee, agent, officer, director, shareholder, representative, supervisor, former supervisor, successor, parent corporation, holding corporation, division, subsidiary, affiliate or related entity of DEFENDANT (hereinafter referred to as "Releasees") any claim, charge, or action in or with any federal, state, or local court, or administrative agency; and

WHEREAS, BAREFIELD and DEFENDANT desire to settle fully and finally all differences between them as of the effective date of this Agreement, and all claims arising out of or related to the subject matter of the Civil Lawsuit.

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, and to avoid the time and expense of litigation, it is hereby agreed by and between the parties as follows:

FIRST: This Agreement and compliance with this Agreement shall not be construed as an admission by DEFENDANT or by any Releasees of any liability whatsoever, or as an admission by DEFENDANT or by any Releasees of any violation of the rights of BAREFIELD or any person, or violation of any order, law, statute, duty, or contract whatsoever with respect to BAREFIELD or any person. DEFENDANT and Releasees specifically disclaim that they have in any way violated the rights of BAREFIELD, and thereby disclaim any liability to BAREFIELD or any other person for any alleged violation of the rights of BAREFIELD or any person, or for any alleged violation of any order, law, statute, duty, or contract on the part of DEFENDANT and/or of any Releasees.

SECOND: (a) Upon signing this Agreement, BAREFIELD will deliver to counsel for DEFENDANT an executed copy of this Agreement, along with an executed W-9. DEFENDANT will, within thirty (30) calendar days, cause to be delivered to BAREFIELD via Federal Express a check in the gross amount of Five Thousand Dollars ($5,000.00) made payable to "Finas D. Barefield Jr." The parties agree that DEFENDANT will issue the requisite Form 1099 to BAREFIELD. These monies and the other good and valuable consideration set forth herein represent the full and complete settlement of the claims of BAREFIELD against DEFENDANT pertaining to any and all claims of BAREFIELD and any and all of his family members.

(b) BAREFIELD agrees that the foregoing payments shall constitute an accord and satisfaction and shall constitute the entire amount of monetary consideration provided to him and his family under this Agreement and that he will not seek any further compensation from DEFENDANT or Releasees for any other claimed damages, costs, or attorneys' fees in connection with the matters encompassed in this Agreement, including all allegations stated in connection with the Civil Lawsuit.

(c) BAREFIELD acknowledges and agrees that neither DEFENDANT nor its attorneys have made any representations to him regarding the tax consequences, or not, of the settlement payment made under this Agreement. BAREFIELD agrees

2

to pay all federal, state or local taxes, if any, which are required by law to be paid with respect to the settlement payment. BAREFIELD further agrees to defend, indemnify and hold DEFENDANT harmless from any and all claims, demands, deficiencies, levies, assessments, executions, judgments or recoveries by any governmental entity against DEFENDANT for any amounts claimed due on account of this Agreement or pursuant to claims made under any federal, state or local tax laws for monies payable by BAREFIELD, and any costs, expenses, or damages sustained by DEFENDANT by reason of any such claims, including any amounts paid by DEFENDANT as taxes, attorneys' fees, deficiencies, levies, assessments, fines, penalties, interest or otherwise.

THIRD: BAREFIELD represents that neither he nor anyone acting through or by him nor any spouse, heir, offspring, relative, family member, representative, agent, counsel, executor, assign, or successor (hereinafter referred to as "Releasors") has filed any complaints, claims, or actions against DEFENDANT or against any Releasee with any state, federal, or local agency or court arising out of and/or pertaining to the subject matter of the Civil Lawsuit, and the matters released herein. BAREFIELD agrees that he and his relatives will not do so at any time hereafter, and that if any agency or court assumes jurisdiction over any charge, complaint, grievance, claim or action against DEFENDANT or any Releasees, he will direct that agency or court to withdraw from or dismiss with prejudice, the charge, complaint, grievance, claim or action and that he will not seek or accept any personal relief in any such action. BAREFIELD further agrees to defend, indemnify and hold DEFENDANT harmless from any and all complaints, claims, or actions, if any, brought by any family member relating to the claims arising out of or related to the subject matter of the Civil Lawsuit, and pay any costs, expenses, or damages sustained by DEFENDANT by reason of any such claims, or actions including any amounts paid by DEFENDANT as attorneys' fees, court fees, or otherwise.

FOURTH: (a) As a material inducement to enter into this Agreement, BAREFIELD agrees that he will keep the terms of this Agreement strictly confidential. BAREFIELD warrants that he has not disclosed, orally or in writing, directly or indirectly, *the terms or amount of the settlement or the terms of this Agreement (Settlement Information)*, to any

person or entity. BAREFIELD agrees and acknowledges that the Settlement Information is strictly and highly confidential and that the highly confidential nature of this Settlement Information is of the utmost importance to DEFENDANT and is thus a material condition of this settlement. BAREFIELD therefore agrees that he will not, directly or indirectly, seek or attempt to convey, imply, intimate, suggest, hint, insinuate or otherwise disclose the Settlement Information, except as required by law. If any request is made by anyone for any information about the Settlement Information or the result of this dispute between BAREFIELD on the one hand and DEFENDANT on the other, **BAREFIELD will disclose only that the Civil Lawsuit is dismissed and over.** Notwithstanding the foregoing, BAREFIELD may disclose the terms of this Agreement only to BAREFIELD's spouse, his attorneys and other professional advisors, such as tax preparers or accountants, in the event that such disclosures are necessary to the business advice being sought or for any other reason required by law, provided such persons are notified that this Settlement Information is strictly and highly confidential information and they agree to honor this confidentiality requirement.

FIFTH: BAREFIELD acknowledges that if DEFENDANT proves any breach of Paragraph FOURTH, which is a material term of this Agreement, by BAREFIELD, or his tax or legal advisors, such breach would cause irreparable harm to DEFENDANT. BAREFIELD further agrees that in the event of a proven breach of Paragraph FOURTH, DEFENDANT'S damages will be incalculable with any degree of certainty. Therefore, in addition and without prejudice to DEFENDANT'S right to seek any other forms of relief, such as injunctive or declaratory relief, BAREFIELD agrees that in the event of a proven breach of Paragraph FOURTH, DEFENDANT shall recover from BAREFIELD liquidated damages, and not as a penalty, the amount of One Thousand Dollars ($1,000.00) for each and every breach proved by DEFENDANT.

SIXTH: BAREFIELD hereby agrees that all rights under section 1542 of the Civil Code of the State of California are hereby waived by him. Section 1542 provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

SEVENTH: (a)   Notwithstanding the provisions of section 1542 of the Civil Code of the State of California, BAREFIELD hereby irrevocably and unconditionally releases and forever discharges DEFENDANT and all Releasees, from any and all charges, complaints, claims, and liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected (hereinafter referred to as "claim" or "claims") which BAREFIELD at any time heretofore had or claimed to have, or which BAREFIELD may have or claim to have regarding events that have occurred as of the date of this Agreement, including, without limitation, any and all claims relating to, arising out of or related to the subject matter of the Civil Lawsuit. BAREFIELD further agrees that by virtue of this Agreement he gives up any right to recover any monies in any class or collective actions.

EIGHTH:   The parties hereto represent and acknowledge that in executing this Agreement they do not rely and have not relied upon any representation or statement made by any of the parties or by any of the parties' agents, attorneys, or representatives with regard to the subject matter, basis, or effect of this Agreement or otherwise, other than those specifically stated in this written Agreement.

NINTH:   This Agreement shall be binding upon the parties hereto and upon his heirs, administrators, representatives, executors, successors, offspring, relatives, family members, spouse, and assigns, and shall inure to the benefit of said parties and of said Releasees and each of them and to his heirs, administrators, representatives, executors, successors, and assigns. BAREFIELD expressly warrants that he has not transferred to any person or entity any rights, causes of action, or claims released in this Agreement. BAREFIELD also expressly warrants that, to his knowledge, no liens have been filed in favor of any attorneys or other third parties in connection with the litigation giving rise to this Agreement, and that to the extent any liens exist, BAREFIELD will satisfy such lien obligations.

**TENTH:** Should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms, or provisions shall not be affected thereby, and said illegal, unenforceable, or invalid part, term, or provision shall be deemed severable, and not to be a part of this Agreement. It is the intent of the parties that if any such severance of a portion of this Agreement be made, then any such severance should be as narrow as possible, excising only as much as absolutely necessary to sever whatever portion is deemed unenforceable.

**ELEVENTH:** The parties hereby expressly and knowingly acknowledge that each may, after the execution of this Agreement, discover facts different from or in addition to those which each now knows or believes to be true with respect to the claims released in this Agreement. Nonetheless, each party agrees that this Agreement shall remain in full force and effect in all respects, notwithstanding such different or additional facts. It is the intention hereby fully, finally and forever to settle and release all such matters, and any and all claims relating to those matters, which now exist, may exist, or previously have existed with respect to any and all claims arising out of or related to the subject matter of the Civil Lawsuit. Except as otherwise provided herein, the parties further agree that this Agreement may be pleaded as a full and complete defense to any subsequent action or other proceeding arising out of, or relating to, or having anything to do with any and all of the claims, issues, defenses, or other matters capable of being alleged by BAREFIELD. Each party relies on the finality of this Agreement as a material factor inducing that party's execution of this Agreement.

**TWELFTH:** In signing this Agreement, each party hereto warrants and represents that they are fully entitled and authorized to give this release on behalf of themselves and the Releasors/Releasees and on behalf of the entity for whom this Agreement is signed.

**THIRTEENTH:** No modification or amendment of the Agreement shall be of any force and effect unless in writing and executed by all parties to the Agreement.

FOURTEENTH: This Agreement sets forth the entire agreement between the parties hereto and fully supersedes any and all prior agreements or understandings, written or oral, between the parties hereto pertaining to the settlement. This Agreement cannot be orally modified. Any amendment or modification to this Agreement must be in writing, signed by BAREFIELD, and by a duly authorized representative of DEFENDANT.

FIFTEENTH: This Agreement may be executed in counterparts, with each counterpart being and having the same effect as an original, but all of which together shall constitute one agreement. The signing of a facsimile copy shall have the same force and effect as the signing of an original, and a facsimile signature shall be deemed an original and valid signature.

PLAINTIFF FINAS D. BAREFIELD JR.

Dated: _____, 2015      _____

DARDEN RESTAURANTS, INC. d/b/a/ YARD HOUSE RESTAURANTS

Dated: _____, 2015      _____
Seth Rivera
Senior Associate Counsel

**Approved As To Form:**

LITTLER MENDELSON
A Professional Corporation

Dated: _____, 2015      _____
Theodora R. Lee, Esq.
Attorney for DEFENDANT
DARDEN RESTAURANTS, INC. d/b/a/ YARD HOUSE RESTAURANTS