IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINAS D. BAREFIELD JR.,<br><br>       Plaintiff,<br><br>   v.<br><br>DARDEN RESTAURANTS INC.,<br><br>       Defendant. | No. C14-03733 CRB<br><br>**ORDER GRANTING MOTION TO ENFORCE SETTLEMENT AGREEMENT AND MOTION TO ISSUE SANCTIONS AND AWARD ATTORNEYS' FEES AND COSTS** |

Before the Court are Defendant Darden Restaurants, Inc.'s (1) Motion to Enforce Settlement Agreement or, in the alternative, Dismiss ("Mot. 1") (dkt. 27) and (2) Motion to Issue Sanctions and Award Attorneys' Fees and Costs ("Mot. 2") (dkt. 28).

As set forth below, the Court GRANTS both Motions.

## I.    BACKGROUND

On August 18, 2014, pro se plaintiff Finas Barefield filed a civil suit against Defendant, alleging discrimination and infliction of emotional distress. See Compl. (dkt. 1). During a mandatory settlement conference on April 10, 2015, Defendant and Barefield agreed to settle the case for $5,000. Lee Decl. Ex. B (dkt. 27-2) at 3. The parties also agreed that the confidential settlement agreement would include a liquidated damages clause of $1,000 and stipulation that Barefield would defend and indemnify Defendant against any claims that might be filed by his relatives. Id. Barefield stated in open court that he

1 understood the terms of the settlement and agreed to be bound by them. Id. At the
2 settlement conference on April 10, 2015, Magistrate Judge Maria-Elena James issued an
3 Order stating that the case "settled in full." Civ. Minute Order ("James Order") (dkt. 23).
4 The Order instructed Defendant to prepare settlement documents and transmit them to
5 Barefield for signature. Id. Defendant was to distribute settlement funds within two weeks
6 upon the execution of the settlement documents. Id. After learning that the parties settled,
7 this Court dismissed the case without prejudice on April 13, 2015. Order of Dismissal (dkt.
8 24).

9 On May 4, 2015, Defendant e-mailed Barefield a final settlement agreement for his
10 signature. Lee Decl. Ex. D (dkt 27-2). The message stated: "Please sign and pdf or mail
11 [the attached agreement] back to our office. Once we receive, then we can begin processing
12 your check." Id. The attached document contained the agreed-upon terms, including the
13 $5,000 settlement amount. Id. On May 6, 2015, Barefield e-mailed Defendant his W-9 and a
14 signed copy of an altered version of the settlement agreement that changed the agreed upon
15 $5,000 amount to $125,000. Lee Decl. Ex. E (dkt. 27-2). Barefield's message did not call
16 attention to this change. Id. In response, Defendant e-mailed Barefield on May 7, 2015,
17 attaching another copy of the final settlement agreement for signature and informing
18 Barefield that his modification was fraudulent. Lee Decl. Ex. F (dkt. 27-2). Defendant
19 warned that "[if] we do not have your signature on this version by May 15, we will seek
20 court intervention, and bring this fraud to the Court's attention and seek sanctions." Id.

21 On May 12, 2015, Defendant received a service of process notice that Barefield had
22 filed his modified version of the settlement agreement with a United States Bankruptcy Court
23 in Florida. Lee Decl. Ex. G (dkt. 27-2). Defendant responded by sending Barefield a second
24 e-mail on May 13, 2015. Lee Decl. Ex. H (dkt. 27-2). Defendant's e-mail notified Barefield
25 that "[t]here are no pending Bankruptcy proceedings, and this is further evidence of your
26 fraud . . . ." Id. The message also warned that Barefield could face consequences for his
27 conduct, including sanctions and dismissal. Id.

28 Defendant was not able to contact Barefield, who did not filed a response in

2

opposition to either motion before the Court, and did not appear at the motion hearing. Barefield last communicated with Defendant in an e-mail to Darden Restaurants, Inc. on May 10, 2015, asking why he has not been paid $125,000. Lee Supp. Decl. Ex. A (dkt. 30-1).

## II.  LEGAL STANDARD

### A.  Motion to Enforce a Settlement

"It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987); see also In re City Equities Anaheim, Ltd., 22 F.3d 954, 957 (9th Cir. 1994). For the Court to enforce a settlement agreement, two requirements must be met. First, the settlement must constitute a complete agreement. Maynard v. City of San Jose, 37 F.3d 1396, 1401 (9th Cir. 1994) (citing Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987)). Second, both parties must have agreed to the terms of the settlement or authorized their respective counsel to settle. Harrop v. W. Airlines, Inc., 550 F.2d 1143, 1144–45 (9th Cir. 1977).

A settlement agreement is a contract. United Commercial Ins. Serv., Inc. v. The Paymaster Corp., 962 F.2d 853, 856 (9th Cir. 1992). Therefore, "[t]he construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally." Jeff D. v. Andrus, 899 F.2d 753, 759 (9th Cir. 1989). Accordingly, the Court applies California contract law.

### B.  Dismissal for Fraud on the Court

The Court has the inherent power to dismiss an action if a party "has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice." Wyle v. R.J. Reynolds Indus., Inc., 709 F.2d 585, 589 (9th Cir. 1983). However, dismissal for fraud on the court is limited to "extreme circumstances" such as when an infraction interferes with the court's ultimate decision. Id. at 589, 591.

### C.  Sanctions

District courts have the inherent authority to issue sanctions for "(1) willful violation of a court order; or (2) bad faith." See Evon v. Law Offices of Sidney Mickell, 688 F.3d 1015, 1035 (9th Cir. 2012) (citing Fink v. Gomez, 239 F.3d 989, 991–93 (9th Cir. 2001)).

1 This power to sanction extends to cases in which parties have agreed to a settlement in open
2 court but one party does not follow through with the agreement. See Doi v. Halekulani
3 Corp., 276 F.3d 1131, 1140 (9th Cir. 2002). Additionally, courts can exercise their inherent
4 authority to sanction by awarding appropriate attorneys' fees. Chambers v. NASCO, Inc.,
5 501, U.S. 32, 40, 53 (1991) (finding that a district court did not abuse its discretion by
6 awarding attorneys' fees for bad faith conduct). See also Hall v. Cole, 412 U.S. 1, 5 (1973)
7 (holding that courts, pursuant to their equitable powers, may award attorneys' fees in the
8 interest of justice).

### III. DISCUSSION

#### A. Enforcement of the Settlement Agreement

Defendant's Motion to Enforcement Settlement Agreement is GRANTED. Defendant asserts that the settlement agreement should be enforced on the grounds that it constitutes a complete agreement, and the parties agreed to the settlement's terms. See Mot. 1 at 5–6. Under California law, a proposal constitutes a complete agreement if it is "sufficiently definite" so that the promised performance is "reasonably certain." Weddington Productions, Inc. v. Flick, 60 Cal.App.4th 793, 811 (1998) (citation omitted). Performance is reasonably certain if the settlement terms "provide a basis for determining the existence of a breach and for giving an appropriate remedy." Id. (citation omitted). See also Perfumebay.com Inc. v. eBay, Inc., 506 F.3d 1165, 1179 (9th Cir. 2007) (finding that failure to agree on material terms rendered a settlement agreement incomplete). In this case, the settlement agreement was a complete and valid contract. At the settlement conference, both parties agreed to definite terms: $5,000 payment, confidentiality, a $1,000 liquidated damages clause, and a promise by Barefield that he would defend and indemnify Defendant against any claims by family members. Lee Decl. Ex. B at 3. These specific terms were all set forth in the written settlement agreement that Defendant sent Barefield. See Lee Decl. Ex. D. Moreover, the promised performance (getting Barefield the $5,000) was reasonably certain because the Magistrate Order gave Defendant instructions and presented a time-line for the distribution of settlement funds. James Order. The terms laid out in the final settlement agreement

4

drafted by Defendant provide a basis for determining breach and appropriate remedies. For instance, the fifth section stipulates that if Barefield does not keep the settlement confidential, Defendant can recover $1,000 in liquidated damages. Lee Decl. Ex. D. Thus, the settlement agreement is a complete contract under California law.

Additionally, the Court can enforce this complete settlement because both parties intended to agree to its terms. Harrop, supra, 550 F.2d at 1144–45. Consent is judged objectively, see Meyer v. Benko, 55 Cal.App.3d 937, 942–43 (1976), so a party can agree to terms through an act or omission that "necessarily tends to such communication." Cal. Civ. Code § 1581. Based on the settlement conference transcript, both parties consented to this settlement agreement. After hearing the terms, Barefield stated in open court: "Yes, I understand, and I agree with it." Lee Decl. Ex. B at 3. Defendants similarly manifested agreement. Id. Therefore, because the settlement constituted a complete agreement, and both parties agreed to its terms, the Court GRANTS Defendant's Motion to Enforce Settlement Agreement.

### B.   Dismissal for Fraud on the Court

The Court does not grant dismissal for fraud on the court.

### C.   Sanctions & Attorneys' Fees and Costs

Defendant's Motion to Issue Sanctions and Award Attorneys' Fees and Costs is also GRANTED. Defendant argues that sanctions and attorneys' fees and costs are appropriate in this case because Barefield was willfully disobedient and acted in bad faith. Mot. 2 at 5. The Court agrees and grants this Motion because the record indicates that Barefield wilfully disobeyed a court order. The civil minute Order states: "Settlement placed on record in open Court. All parties agreed to be bound by the settlement in open Court." James Order. Contrary to this Order, Barefield dramatically increased the settlement amount from $5,000 to $125,000 but did not mention this change to Defendant. Lee Decl. Ex. E. Because courts interpret "willful" to simply mean "deliberate," Evon, 688 F.3d at 1035, Barefield possessed the requisite mental state. Barefield could not have accidentally altered the amount when he was only asked to read and sign the agreement. See Lee Decl. Ex. D.

5

Additionally, Barefield acted in bad faith. A finding of bad faith encompasses a "variety of types of willful actions, including recklessness when combined with frivolousness, harassment, or an improper purpose." Fink, 239 F.3d at 994 (finding that an attorney's reckless misstatements of fact, in an attempt to influence proceedings in one case to gain a tactical advantage in another, merited sanctions). Barefield was reckless or knew he was acting in bad faith because Defendant sent him multiple e-mails telling him that his conduct was fraudulent. Lee Decl. Ex. F & H. Moreover, Barefield likely had an improper purpose to defraud the Florida Bankruptcy Court when he filed the inaccurate settlement agreement there. See Lee Decl. Ex. G. Although Defendant told Barefield that the $125,000 amount was inaccurate, Barefield continued to seek that amount from Defendant. Lee Supp. Decl. Ex. A. Thus, because Barefied wilfully disobeyed a court order and acted in bad faith, the Court awards Defendant $6,994.00 in attorneys' fees and costs, the full amount requested. See Lee Supp. Decl. at 1. Defendant may use that sum to offset any amounts owed to Barefield.

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's (1) Motion to Enforce Settlement Agreement and (2) Motion to Issue Sanctions and Award Attorneys' Fees and Costs. In granting the second motion, the Court awards Defendant $6,994.00 in attorneys' fees and costs.

**IT IS SO ORDERED.**

Dated: July 20, 2015

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE